462 A.2d 1308

**Bertha E. REIMER, Appellant,**

v.

**James K. DELISIO, Jr., Cross-Appellant.**

Supreme Court of Pennsylvania.

Argued May 23, 1983.

Decided July 27, 1983.

William B. Anstine, Jr., York, David S. Shrager, Philadelphia, for appellant Reimer.

Donald H. Yost, York, for cross-appellant Delisio.

Before ROBERTS, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## ORDER

PER CURIAM.

Judgment 296 Pa.Super. 205, 442 A.2d 731, affirmed.

LARSEN and HUTCHINSON, JJ., filed concurring and dissenting opinions.

NIX, J., did not participate in the consideration or decision of this case.

LARSEN, Justice, concurring and dissenting.

I join the majority in affirming the order of the Superior Court at No. 16 M.D. Appeal Docket, 1982, granting a new trial due to the lower court's erroneous exclusions of medical testimony regarding the plaintiff's need for future surgery and of a motion picture depicting the plaintiff in physical therapy.

However, I dissent from the majority's affirmance at No. 15 M.D. Appeal Docket, 1982, of the Superior Court's interpretation of the Pennsylvania No-Fault Act, 40 P.S. § 1009.-101 et seq., as abolishing the right of a plaintiff to recover punitive damages in an action arising from a motor vehicle accident.

Initially, we are faced with the unfortunate consideration that, as with practically every case involving the interpretation of the No-Fault Act, the intention of its drafters is far from clear. Because of this pervasive ambiguity, and because, in my opinion, any enactment (or interpretation) which abolishes a common-law recognized remedy or cause of action without providing a substitute, statutory remedy or cause of action runs afoul of Article I, § 11 of our Constitution, see dissenting opinion of this author in *Carroll v. York*, 496 Pa. 363, 437 A.2d 394, 399 (1981) (joined by Flaherty and Kauffman, JJ.), I would hold that absent specific and *explicit* provisions to the contrary, any cause of action or remedy pre-dating the No-Fault Act, including punitive damages, remains in existence today. Thus, I would resolve all ambiguity in favor of no abolition and continued recognition of common-law remedies and causes of action.

I believe that such ambiguity exists regarding the effect of No-Fault upon recovery for punitive damages. Section 301(a) of the Act, 40 P.S. § 1009.301(a), provides in part:

Partial Abolition—Tort Liability is abolished with respect to any injury that takes place in this State in accordance with the provisions of this Act if such injury arises out of the maintenance or use of a motor vehicle, except that:

.        .        .        .        .

(3) An individual remains liable for intentionally injuring himself or another individual.

I would find punitive damages recoverable under § 301(a)(3). Punitive damages are appropriate to punish the actor for outrageous *conduct,* i.e. conduct exhibiting a bad motive or reckless indifference to the rights of others. *Chambers v. Montgomery,* 411 Pa. 339, 192 A.2d 355 (1963). *See also Fugagli v. Camasi,* 426 Pa. 1, 229 A.2d 735 (1967) *and Focht v. Rabada,* 217 Pa.Super. 35, 268 A.2d 157 (1970). For purposes of the No-Fault Act, I would hold that "intentional injury" includes the willful and reckless disregard for the safety, welfare and rights of others and would therefore hold the defendant's outrageous conduct in this case—driving his car through a posted school zone which had caution lights flashing at a speed at least twice the speed limit of 25 m.p.h.—renders him "liable for intentionally injuring . . . another individual" within the meaning of § 301(a)(3).

I would further hold that punitive damages are subsumed within the category of "nonreimbursable tort fine." Section 301(b) provides:

Nonreimbursable tort fine—Nothing in this section shall be construed to immunize an individual from liability to pay a fine on the basis of fault in any proceeding based upon any act or omission arising out of the maintenance or use of a motor vehicle: Provided, That such fine may not be paid or reimbursed by an insurer or other restoration obligor.

Both the trial court and the Superior Court recognized that, unless "nonreimbursable tort fine" is read to include puni-

tive damages, the term, at present, would have no meaning in Pennsylvania. The Superior Court stated, 296 Pa.Super. 205, 442 A.2d 731:

> There is little doubt that, on its face, this provision admits of no ready interpretation, especially since the term "tort fine" appears to have been coined. In that regard, we empathize with the trial judge when he stated he did not know what a tort fine was.

The Superior Court recognized that

> Punitive damages are, in a manner of speaking, a penalty or fine imposed upon a person for engaging in particularly egregious conduct, payable to a victim as a kind of windfall, at least in the sense that the punitive damages are paid in addition to damages necessary to make the victim whole. See C. McCormick, *Damages* § 77 (1935); D. Dobbs, *Remedies* § 3.9 (1973); Restatement of Torts, 2d § 908, comment a. *Id.*

Yet, despite this recognition, the Superior Court chose to leave the term "nonreimbursable tort fine" essentially meaningless and unexplained. The basis of this interpretation, which is contrary to the canon of statutory construction presuming that the General Assembly desires the *entire* statute to be effective, Statutory Construction Act, 1 Pa.C. S.A. § 1921(a), is that the legislative history of *proposed federal* no-fault legislation indicated that punitive damages were not intended to be covered by the National No-Fault Motor Vehicle Act Senate Committee's definition of "tort fine."

The history of this proposed federal legislation offers dubious support for the Superior Court's interpretation. Even assuming, *arguendo,* however, that the lengthy passages quoted by the Superior Court were relevant to the interpretation of Pennsylvania's No-Fault Act, it seems to me they support a *contrary* conclusion. Those passages indicated the term "fine" does not mean solely a criminal penalty, but also includes "any charge, levy, assessment, order, condition or requirement that may be imposed 'in any proceeding.'" 296 Pa.Super. 205, 442 A.2d 731, quoting Report of the Senate Committee on Commerce, No. 93–382,

Calendar No. 358 (August 15, 1973) at 73–74. The reason why punitive damages were not considered by that federal legislative panel on proposed federal legislation to be within the broad definition of "tort fine" was "in part because under some case law decisions awards for punitive damages may be paid by liability insurance, a practice which vitiates the purpose of a punitive damages judgment." *Id.*

In Pennsylvania, however, it has been established that payment of punitive damages is not reimbursable by an insurance company as such reimbursement would be contrary to public policy. *Edmond v. Liscio,* 209 Pa.Super. 200, 224 A.2d 793 (1966); See also *Wilson v. Maryland Casualty Co.,* 377 Pa. 588, 105 A.2d 304 (1954). Accordingly, nonreimbursable punitive damages should be held to be within the meaning of § 301(b) "nonreimbursable tort fine." A contrary interpretation renders that section void of meaning.

For the foregoing reasons, I dissent and would reverse the order of the Superior Court at No. 15 M.D. Appeal Docket, 1982.

HUTCHINSON, Justice, concurring and dissenting.

I join Mr. Justice Larsen in his view that punitive damages, which are not subject to reimbursement by an insurer, are permitted as "non-reimbursable tort fines" under Section 301(b) of the Pennsylvania No-Fault Motor Vehicle Act, Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.301(b). However, I disagree with his view that they are also recoverable under the language of Section 301(a), as well as any implication that it would be unconstitutional under Article I, § II of our Pennsylvania No-Fault Motor Vehicle Act for the legislature to abolish punitive damages as a remedy in tort actions for personal injury arising out of the maintenance or use of a motor vehicle. Finally, I too join the majority at 16 M.D. Appeal Docket 1982, in affirming Superior Court's grant of a new trial because of the erroneous exclusion of portions of plaintiff's medical testimony.