**Anthony MELE and Marie Mele, husband and wife,**

v.

**NUTMEG BAKERS SUPPLY and Paul E. Raymond.**

Civ. A. No. 83-4996.

United States District Court, E.D. Pennsylvania.

March 14, 1984.

Robert J. Murphy, Murphy, Murphy & Murphy, P.C., Philadelphia, Pa., for plaintiffs.

Gary V. Gittleman, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, Philadelphia, Pa., for defendants.

## MEMORANDUM

LUONGO, Chief Judge.

In this diversity action, Marie Mele and her husband Anthony Mele seek compensatory and punitive damages for injuries sustained by Mrs. Mele in a motor vehicle accident. Plaintiffs allege that the accident was caused by the negligent driving of defendant Paul E. Raymond, an employee of defendant Nutmeg Bakers Supply. Defendants have moved, under Fed.R. Civ.P. 12(b)(6), to dismiss plaintiffs' claim for punitive damages. Because Pennsylvania law does not permit an award of punitive damages in motor vehicle cases such as the one at bar, defendants' motion will be granted.

In 1974, the Commonwealth of Pennsylvania enacted the No-Fault Motor Vehicle Insurance Act, a law designed to provide a low-cost system of auto insurance and to ensure adequate basic loss benefits to victims of motor vehicle accidents. Act of July 19, 1974, P.L. 489, No. 176, 40 Pa.S.A. § 1009.101 *et seq.* Central to the operation of the No-Fault law was section 301(a) of the Act. Section 301(a) abolished, with some exceptions, common law tort remedies in actions arising out of the "maintenance or use of a motor vehicle." *See generally Singer v. Sheppard,* 464 Pa. 387, 346 A.2d 897 (1975).

As defendants point out, the Pennsylvania Supreme Court has recently affirmed the Superior Court's ruling that section 301(a) prohibits awards of punitive damages in cases arising out of motor vehicle accidents. *Reimer v. Delisio,* 501 Pa. 662, 462 A.2d 1308 (1983) (*per curiam*), *affirming,* 296 Pa.Super.Ct. 205, 442 A.2d 731 (1982). From the face of plaintiffs' complaint, it is clear that this case arises out of a motor vehicle accident, and the Supreme

Court's affirmance in *Reimer* applies with full force.

■ Plaintiffs advance three arguments to avoid the impact of section 301(a) on their claim for punitive damages. First, they argue that exemplary damages can be awarded because defendants were "in the business of selling, distributing, repairing, and leasing tractor trailers, including the defective truck which caused plaintiff's accident." (Complaint ¶ 21). Section 301(a)(2), however, provides:

> A person in the business of designing, manufacturing, repairing, servicing, or otherwise maintaining motor vehicles remains liable for injury arising out of a defect in such motor vehicle which is caused or not corrected by an act or omission in the course of such business, *other than a defect in a motor vehicle which is operated by such business.* (emphasis added)

Because it is clear from plaintiffs' complaint that the truck involved in this accident was used in the course of defendants' business, section 301(a)(2) does not preserve common law tort remedies against defendants, and section 301(a)'s proscription of punitive damages applies.

■ Defendants next contend that the reasoning of Justice Larsen's dissenting opinion in *Reimer*, considered in light of the sharp division of the Supreme Court in that case, warrants the conclusion that punitive damages should be available under Pennsylvania's No-Fault law. This argument is without merit. As a federal court sitting in diversity, this court is bound to apply Pennsylvania law as declared by Pennsylvania's Supreme Court. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *McKenna v. Ortho Pharmaceutical Corporation,* 622 F.2d 657 (3d Cir.), *cert. denied,* 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 237 (1980).

■ Finally, assuming—as I have ruled—that section 301(a) denies punitive damage recovery to victims of motor vehicle accidents, plaintiffs contend that the No-Fault law disadvantages the class of victims of such accidents without a rational basis, and that, so interpreted, section 301(a) violates the equal protection and due process clauses of the federal constitution. This argument is likewise unpersuasive. Because there is no constitutionally established fundamental right to recover punitive damages in tort actions, the Commonwealth need only support its classification of motor vehicle accident victims as against victims of other torts by advancing a "reasonable basis" for its action. *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970); *Price v. Cohen,* 715 F.2d 87 (3d Cir.1983). Such a reasonable basis exists for the legislature's classification. Indeed, the No-Fault Act's statement of findings and purposes makes apparent the legislature's goal of ensuring, through a uniform system of recovery, prompt payment of adequate basic loss benefits to all persons injured in motor vehicle accidents. I am certainly unable to say that the legislature lacked a reasonable basis for selecting abolition of punitive damages as a means for achieving its goal, and I am likewise not persuaded that the legislature's goal was an impermissible one. Plaintiffs' federal constitutional argument, therefore, must also fail.

In short, because Pennsylvania law does not permit punitive damages to be awarded in a suit arising out of the maintenance or use of a motor vehicle, defendants' motion to dismiss plaintiffs' claim for punitive damages must be granted.