## Warburton v. Eister

*H. William Koch,* for plaintiff.
*Joey A. Storaska,* for defendant.

KREHEL, *P.J.,* October 18, 1985—This case arises out of an accident which occurred on January

17, 1981 in which plaintiff's and defendant's vehicles collided on Route 147 in Point Township, Northumberland County, Pa. Before this court is defendant's motion in limine in which defendant seeks to limit the introduction into evidence of any facts relative to defendant's drinking of alcohol prior to the accident, defendant's blood alcohol content at the time of the accident and defendant's operation of his vehicle at the time of the accident. Also presented to this court for disposition is the issue of whether plaintiff has a claim for punitive damages. It is this issue which this court will dispose of first.

Defendant argues that the Pennsylvania No-fault Motor Vehicle Act of July, 1974, P.L. 489, precludes plaintiff from claiming punitive damages. In Reimer v. Delisio, 296 Pa. Super. 205, 442 A.2d 731, the Superior Court held that the No-fault Act abolished punitive damages for gross negligence, reckless disregard and like conduct which result in motor vehicle accidents. This decision was affirmed per curiam by the Supreme Court at 501 Pa. 662, 462 A.2d 1308 (1983). While conceding that under the present laws of the Commonwealth a plaintiff cannot recover for punitive damages in situations where the no-fault statute is applicable, plaintiff urges this court to allow recovery of punitive damages based upon the instant case's facts. This court is unpersuaded by this argument and, accordingly, finds plaintiff barred from recovering punitive damages.

The next issue presented to this court is the admissibility of evidence regarding defendant's drinking prior to the accident, the manner in which he operated his vehicle and the blood alcohol level of defendant at the time of the accident. It is important to note that the analysis which follows is premised on defendant's concession of liability for the acci-

dent. In light of this admission of liability, the sole issue which can properly be decided by the jury will be the amount of damages plaintiff will recover.

Having narrowed the determinable issues to damages, this court is unable to find any justification to admit into evidence any facts concerning the occurrence or causation of the accident. It would appear to this court that defendant's admission of liability renders all such evidence irrelevant. Plaintiff's argument that evidence of how the accident happened will aid the jury in assessing damages is unpersuasive. The jury will be told an accident occurred and defendant admits it was his fault. To allow evidence that it was defendant's fault because he was drunk adds nothing to the issue of how much plaintiff was injured. Such evidence may in fact only raise a new issue in the jury's mind; how much should defendant be punished for his drunk driving which resulted in the accident. Such analysis leads the jury away from the issue of actual damages and into the forbidden realm of punitive damages.

In conclusion, this court finds that plaintiff can fairly and adequately be compensated for his loss without introduction of any evidence relative to defendant's conduct prior to the accident. This court further finds that evidence of defendant's conduct would have little probative value on the issue of plaintiff's damages and would also be unfairly prejudicial to defendant.

Accordingly, defendant's motion in limine is granted and this court enters the following

## ORDER

And now, this October 18, 1985, upon consideration of the motion in limine filed by defendant, Robert Allan Eister, it is ordered and directed that

during the trial of this case plaintiff, his attorney and witnesses shall not directly or indirectly mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner any of the facts indicated below without first obtaining permission of the court outside the presence and hearing of the jury:

A. Any reference to defendant's consumption of alcoholic beverages prior to the accident.

B. Any reference to defendant's presence at the Top Hat Bar or Checker Bar or any other tavern prior to the accident.

C. Any reference to defendant's blood-alcohol content either prior to, at the time of or after the accident.

D. Any reference to defendant's erratic or careless operation of his motor vehicle.

E. Any reference to the fact that defendant's vehicle was on the wrong side of the roadway.

F. Any reference to odor of alcohol about defendant's person, or the presence of cans or bottles of alcoholic beverages in defendant's vehicle at the time of the accident.

G. Any reference to any criminal charges filed against defendant, his entry of pleas to any such charges, and any sentence imposed on any of said charges.

H. Any request for or reference to punitive damages.