**Sedia v. Diggs**

*William L. Goldman, Jr.,* for plaintiff.
*Alton G. Grube,* for the Commonwealth of Pennsylvania.
*Lowell Reed,* for defendant Lower Makefield Township.
*Andrew Braunfeld,* for defendant Better Materials Corporation and Industrial Trucking Service Corp.

KELTON, *J.,* November 5, 1986—We are asked to decide who are the proper plaintiffs in these wrongful death act and survival act actions.

Before us are the preliminary objections of defendants, Pennsylvania Department of Transportation, Lower Makefield Township, Newtown Township and John and Joseph Diggs, which maintain, in part, that plaintiffs, Russell and Ruth Aiello, natural parents of the deceased, are not proper party plaintiffs. For the reasons that follow, we sustain the preliminary objections and strike Russell and Ruth Aiello as plaintiffs from the caption without prejudice to their right, if any, to share in the recovery in the representative actions brought by decedent's administrator.

This case arises out of a motor vehicle accident which occurred on October 10, 1984 at Lindenhurst Road and Route 332 near the boundary of Lower Makefield and Newtown Townships, Bucks County. The accident resulted in the death of Joanne Sedia and injury to her husband, Carl H. Sedia. In plaintiffs' complaint, filed April 30, 1986, (more than six months after decedent's death), both the administrator and decedent's parents joined in a single action against a number of defendants. Carl H. Sedia, as administrator of the Estate of Joanne

Sedia, has brought a survival action pursuant to 42 Pa.C.S. §8301 (Count I of plaintiff's complaint) and an action in his own right for personal injuries and loss of his wife's society, services, companionship and consortium (Count II of plaintiffs' complaint). Additionally, Carl Sedia and the decedent's parents, Russell and Ruth Aiello, in their own right, and Carl Sedia as administrator of the Estate of Joanne Sedia, have brought a wrongful death action on behalf of the survivors of decedent's estate by virtue of 42 Pa.C.S. §8301 (Count III of plaintiffs' complaint).

The survival action has properly been brought solely by the administrator. See Guiton v. Pennsylvania National Mutual Casualty Insurance Co., 301 Pa. Super. 146, 447 A.2d 284 (1982) and Prince v. Adams, 229 Pa. Super. 150, 324 A.2d 358 (1974). However, we find that Russell and Ruth Aiello are not proper party plaintiffs in the wrongful death action.

Pa.R.C.P. §2022 provides:

"(a) Except as otherwise provided in clause (b) of this rule, an action for wrongful death shall be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death.

(b) If no action for wrongful death has been brought within six months after the death of the decedent, the action may be brought by the personal representative *or* by any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages. (Emphasis supplied.)

(c) While an action is pending it shall operate as a bar against the bringing of any other action for such wrongful death.

The purpose of the wrongful death statute is to compensate certain of a decedent's survivors for pe-

cuniary losses they have sustained as a result of a decedent's death. This includes the value of the services the victim would have rendered to her family if she had lived. Slaseman v. Myers, 309 Pa. Super. 537, 455 A.2d 1213 (1983). In paragraph 48 of Count III of their complaint, the Aiellos assert a separate claim in their own right for loss of companionship, society, guidance, solace and protection of their daughter. However, under Linebaugh v. Lehr, 351 Pa. Super. 135, 505 A.2d 303 (1986), it seems clear that recovery in the wrongful death action itself includes damages for the loss of decedent's society for the persons entitled to recover for such losses. This is also the essential nature of the parents' companionship claim. In Linebaugh, the court found no merit in a widow's argument that she should be able to institute a loss of consortium action in her own right, independent of the wrongful death and survival actions brought by the personal representative of her deceased husband's estate. Id. at 138, 505 A.2d 304. The court held that a second action would have permitted a double recovery for the same death.

We find, therefore, that the Aiellos' action cannot be maintained independently of the wrongful death and survival actions brought by the personal representatives of decedent's estate.

Additionally, we find that plaintiffs need not be afforded an opportunity to amend their complaint. Pursuant to 42 Pa.C.S. §8301(b), the damages recovered in the wrongful death action, if any, will be distributed to the beneficiaries of the deceased including the Aiellos, if so entitled, in the proportion they would take in case of intestacy. We also find that Pa.R.C.P. §2022(b) authorized only one person, either the decedent's personal representative or a relative enumerated in 42 Pa.C.S. §8301(b), to

bring a wrongful death action for the benefit of all parties entitled to recover damages. Furthermore, Pa.R.C.P. §2203 provides procedures for removal and substitution of a plaintiff who is derelict in his duties to the beneficiary class. The comment to Rule 2203 states that the rule:

". . . has the effect of making the plaintiff in the wrongful death action accountable to the court in which the action is brought for his conduct therein. In addition, it permits the parties beneficially interested in the damages recovered in the action to exercise some supervisory control over the conduct of the action by enabling them to obtain the assistance of the court if the action is not properly conducted on their behalf."

The governmental defendants have also filed preliminary objections on several other grounds. We dispose of them as follows:

## SUFFICIENCY OF THE COMPLAINT AND MUNICIPAL IMMUNITY

The townships claim that no cause of action has been pleaded against them for improper maintenance of the intersection. Thus, there are potential issues involving both the duties of care, if any, and governmental immunity, if any. Although it is undisputed that Lindenhurst Road and Pennsylvania Route 332 were state highways at the time of the accident, and there may have been no township duties initially, we believe that this issue should not be disposed of at the preliminary objection stage. See Swank v. Bensalem Township, 504 Pa. 291, 472 A.2d 1065 (1984) (a summary judgment case). See also amended Pa.R.C.P. 1030 under which immunity shall be pleaded as new matter.

## PUNITIVE DAMAGES

We believe that all claims for punitive damages against the two Townships and against the Commonwealth should be stricken. See Feingold v. SEPTA, 339 Pa. Super. 15, 488 A.2d 284 (1985) and Reimer v. Delisio, 296 Pa. Super. 205, 442 A.2d 731, affirmed 501 Pa. 662, 462 A.2d 1308 (1983).

We have reviewed the remaining preliminary objections and find them without merit. As to the funeral and related expenses to the extent that they were recoverable under the primary coverage of the No-fault Act, 40 P.S. § 1009.301(a)(4), they may not be paid twice. But such matters may be handled at trial.

## ORDER

And now, November 5, 1986, it is hereby ordered and decreed that:

(1) The motions of defendants, the Pennsylvania Department of Transportation, Newtown Township, Lower Makefield Township, and John A. Diggs and Joseph T. Diggs, to strike the names Russell and Ruth Aiello from the caption of this matter and as party-plaintiffs are granted and said names are hereby stricken, without prejudice to the Aiellos' right to participate as beneficiaries of the Wrongful Death action.

(2) The preliminary objections of defendants, Pennsylvania Department of Transportation, Newtown Township and Lower Makefield Township which assert immunity from suit are overruled without prejudice, however, to defendants' right to reassert this defense as new matter under Pa.R.C.P. 1030.

(3) The preliminary objection of defendants, the Pennsylvania Department of Transportation,

Newtown Township and Lower Makefield Township, in the nature of a motion to strike plaintiffs' claim for funeral expenses and expenses for administration of the estate and punitive damages are sustained as to the punitive damages claim only with leave to raise objections at trial to the expense claims.

(4) The preliminary objection of defendants, the Pennsylvania Department of Transportation, Newtown Township and Lower Makefield Township in the nature of a motion to strike paragraphs 41 and 48 of the plaintiffs' complaint, which assert a claim for loss of consortium, is sustained, with leave to plaintiff's husband and decedent's parents to assert a right to damages for the loss of deceased spouse's society, comfort and related items in the existing claim under the Wrongful Death Act, 42 Pa.C.S. §8301.

(5) All other preliminary objections of the defendants are hereby overruled, with leave to defendants to file responsive pleadings within 30 days.