**McIntire v. Szczyrbak**

C.P. of Greene County, A.D. no. 418, 1998.

*J. Michael Benninger,* for plaintiff.
*Stephen P. McCloskey,* for defendant.

NALITZ, *J.,* November 30, 1998—On August 5, 1998, the plaintiff, Nikki Ann McIntire, filed a civil complaint against the defendant, Bradford William Szczyrbak, alleging that the defendant was negligent in operating an automobile on July 6, 1997, causing an accident in which the parties' vehicles collided, allegedly resulting in injury to the plaintiff. The complaint further alleges that the defendant operated his vehicle while under the influence of alcohol in violation of section 3731 of the Pennsylvania Motor Vehicle Code, and that he entered a plea of guilty to this offense on January 22, 1998. In her complaint, the plaintiff alleges she was entitled to full tort benefits under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq., and seeks compensation for damages including wage loss, pain and suffering, mental anguish, humiliation and loss of enjoyment of life. In addition to these damages, the plaintiff also seeks punitive damages, alleging reckless conduct on the part of the defendant. On September 14, 1998, the defendant filed preliminary objections in the nature of a demurrer, alleging that Pennsylvania law does not permit the recovery of punitive damages in a cause of action arising out of a motor vehicle accident. Both parties filed briefs, and oral argument was heard on November 13, 1998.

The defendant relies upon *Reimer v. Delisio,* 296 Pa. Super. 205, 442 A.2d 731 (1982), *aff'd per curiam,*

501 Pa. 662, 462 A.2d 1308 (1983), for the proposition that punitive damages are not recoverable for negligence causes of action arising out of a motor vehicle accident. However, *Reimer* was decided under the provisions of the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. §1009.101 et seq. (Repealed.) The present case is governed by the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. §1701 et seq., which is not a "no-fault" system but rather is based upon existing tort law. Pursuant to the MVFRL, persons who elect the full tort alternative when purchasing insurance are entitled to recover compensation for noneconomic loss claimed "as the consequence of the fault of another person pursuant to applicable tort law." 75 Pa.C.S. §1705(c). This language indicates a return to the fault system wherein persons injured in motor vehicle accidents are entitled to the full panoply of tort remedies available for a negligence claim. In contrast, the *Reimer* court opined that punitive damages were excluded under the No-Fault Act, based upon statutory language that abolished all tort liability for accidents involving motor vehicles. *Reimer,* 296 Pa. Super. at 210, 442 A.2d at 733. Although *Reimer* has not been reversed or overruled, and thus the defendant alleges reflects the current state of Pennsylvania law, the reasoning in *Reimer* is not applicable to the MVFRL which requires proof of fault for recovery and, additionally, the MVFRL is to be construed liberally to afford the maximum possible coverage to claimants. *Danko v. Erie Insurance Exchange,* 428 Pa. Super. 223, 630 A.2d 1219 (1993), *allocatur granted,* 536 Pa. 642, 639 A.2d 27 (1994), *affirmed,* 538 Pa. 572, 649 A.2d 935 (1994).

Further, Pennsylvania permitted recovery of punitive damages by persons injured in automobile accidents prior to the enactment of the No-Fault Act. In *Focht v. Rabada,* 217 Pa. Super. 35, 42, 268 A.2d 157, 161 (1970), the Pennsylvania Superior Court held that, "evidence of driving while under the influence of intoxicating liquors may constitute a sufficient ground for allowing punitive damages," and remanded the case back to the trial court to determine whether the question of punitive damages should be submitted to the jury based upon the offers of proof. The present case is analogous to *Focht* in that it does not arise under the No-Fault Act and it involves a defendant who was driving while intoxicated, thus *Focht* is applicable to the present case. Based upon the foregoing, this court finds that punitive damages may be sought by the plaintiff and the defendant's preliminary objections are overruled.

## ORDER

And now, November 30, 1998, it is ordered that the defendant's preliminary objections in the nature of a demurrer are overruled, and he is directed to file a responsive pleading within 20 days.