Commonwealth *v.* Detwiler, Appellant.

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

34

*Eugene J. Ianuzzi,* for appellant.

*Thomas G. Peoples, Jr.* and *John Woodcock, Jr.,* Assistant District Attorneys, and *Amos Davis,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 21, 1974:

The appellant herein was convicted of assault with intent to kill, but contends that at trial he produced evidence of intoxication sufficient to negate mens rea. However, no record was made of the trial and no attempt has been made to provide this Court with an equivalent picture of what transpired at trial. Under such circumstances we cannot give meaningful appellate review of the question raised.

At the inception of the trial, appellant's counsel waived the recording of testimony and at sentencing the same counsel waived the right to file post-trial motions. The effectiveness of such waivers should be determined in a proceeding under the Post Conviction Hearing Act.[1]

Judgment affirmed without prejudice to the right of appellant to proceed with his remedies under the Post Conviction Hearing Act in the court below.

---

[1] Act of January 25, 1966, P. L. 1580, §§1-14, 19 P.S. §1180-1 *et seq.* (Supp. 1973-74).