## Brownawell v. Bryan

*Arthur T. McDermott,* for plaintiff.
*Michael Badowski,* for defendant Bryan.
*William F. Marston,* for defendant Carlisle Hospital.

BAYLEY, *J.,* January 15, 1985—This is a medical-malpractice action. Plaintiff's amended complaint against defendant physician Frank S. Bryan avers that on May 31, 1983, Bryan performed a surgical operation on her described as a radical decompression at 4-5 for spondylolisthesis with removal of the herniated disc — hypertrophic ligament at 4-5 with partial nerve root avulsion. Plaintiff avers that Bryan negligently performed this operation and, as a result thereof, she suffers significant and permanent neurological deficits in her right and left lower extremities.

Paragraphs 11, 12 and 13 of the complaint aver the following:

"11. In removing the disc material by grasping it and pulling it loose, Dr. Bryan avulsed a number of nerve roots which caused permanent impairment of plaintiff's ability to control her lower extremities.

"12. Failure to ascertain the nature of the tissue to be removed as including multiple nerve roots in order to determine the proper method of removing said tissue was a deviation from standard surgical procedure, or in the alternative did not come up to the performance standards of professional competence to be expected of an orthopedic surgeon.

"13. Removal of such a large mass of tissue without carefully separating the nerve endings from cartilage and disc material is a deviation from standard surgical procedure or in the alternative does not come up to the performance standards of professional competence to be expected of an orthopedic surgeon."

A punitive-damage claim is averred in paragraph 57 of Count III, in trespass, as follows:

"57. Dr. Bryan's actions in grasping the disc material and nerve roots and avulsing the nerve roots was a reckless and wanton action in utter disregard of the consequences to plaintiff."

Defendant Bryan has filed preliminary objections asking us to strike plaintiff's claim for punitive damages.

## DISCUSSION

In Vinion v. Crown American Corporation, Cumberland L.J. (1984), Keller v. 115 St. John's Inc. et al., 34 Cumberland L.J. 3 (1984), and Gollick v. Amsley, Cumberland L.J. (1984), we have recently reviewed the requirements for stating an arguable

claim for punitive damages. Citing Smith v. Brown, 283 Pa. Super. 116 (1980), we noted:

"Pennsylvania is a fact-pleading state. Pa.R.C.P. 1019(a). A complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim. Baker et al. v. Rangos et al., 229 Pa. Super. 33, 324 A.2d 498 (1974).

"An essential fact needed to support a claim for punitive damages is that the defendant's conduct must have been outrageous. Outrageous conduct is an 'act done with a bad motive or with reckless indifference to the interests of others.' Focht v. Rabada, 217 Pa. Super. 35, 38, 268 A.2d 157, 159 (1970) citing comment (b) to section 908 of the Restatement of Torts.

" 'Reckless indifference to the interests of others,' or as it is sometimes referred to, 'wanton misconduct,' means that 'the actor has intentionally done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow.' Evans v. Philadelphia Transportation Company, 418 Pa. 567, 574, 212 A.2d 440, 443 (1965)."

The mere pleading of outrageous conduct does not, of course, satisfy the requirement of stating facts which, if proven, would form a basis for a jury concluding that the conduct was such that an award for punitive damages was warranted. Evans v. Philadelphia Transportation Company, 418 Pa. 567, 212 A.2d 440 (1965). On the averments pleaded in this case we cannot conclude that plaintiff has stated a prima facie case which would warrant a jury determination that defendant's conduct was done with a reckless indifference so great as to

make it highly probable that harm to plaintiff would follow. While the claim in negligence is well pleaded, the averments in the complaint are insufficient to support the demand for punitive damages.

## ORDER OF COURT

And now, this January 15, 1985, the preliminary objection of Frank S. Bryan, M.D., to plaintiff's demand for punitive damages in her amended complaint is sustained. The demand for punitive damages is stricken.