## George v. Caravan Express Inc.

*Robert L. Webster Jr.,* for plaintiffs.
*Joseph J. Bosick,* for defendant.

FRANKS, *J.,* June 1, 1990—This case is before this court upon defendant's preliminary objections seeking to dismiss plaintiffs' claim for punitive damages. This action arose out of a motor vehicle accident in which the injured plaintiffs, Howard and Faye George, assert that an agent of defendant, Caravan Express Inc., was negligent in the operation of a tractor-trailer. Plaintiffs further allege that defendant negligently failed to provide proper training and instruction to its employees.

Plaintiffs filed a complaint seeking compensatory and punitive damages on February 28, 1990. Defendant responded by filing preliminary objections on March 30, 1990, in which defendant contends that punitive damages are unavailable to plaintiff as the complaint fails to plead facts sufficient to warrant an award of punitive damages. We disagree with defendant's contention and, therefore, refuse the preliminary objections.

## DISCUSSION

Pennsylvania has adopted section 908(1) and (2) of the Restatement (Second) of Torts which provides general guidance as to the availability of punitive damages. It reads:

"(1) Punitive damages are damages other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future.

"(2) Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant." Restatement (Second) of Torts, §908(1) and (2).

Punitive damages must be based on conduct which is malicious, wanton, reckless, willful or oppressive, and can be imposed where the act itself, together with circumstances including motive of a wrongdoer and relation between parties, is especially egregious. *Dean Witter Reynolds Inc. v. Genteel,* 346 Pa. Super. 336, 499 A.2d 637 (1985). In the Pennsylvania Supreme Court decision of *Martin v. Johns-Manville Corp.,* 508 Pa. 154, 494 A.2d 1088 (1985), the court concluded that punitive damages are appropriate where the "actor knows, or has reason to know, of facts which create a high degree of risk or personal harm to another and deliberately proceeds to act in conscious disregard of the risk." *Id.,* 508 Pa. at 171, 494 A.2d at 1097.

Defendant contends that plaintiffs have failed to set forth any factual allegations in the complaint

which would satisfy the standard of conduct discussed in the above-cited cases. However, plaintiffs correctly point out that paragraph 11 of their complaint does list certain factual allegations that, if true, would support submitting the issue of punitive damages to the jury.

Paragraph 11 of plaintiffs' complaint contains various allegations regarding the operation of the tractor-trailer involved in the accident and the lack of adequate training given by defendant to its employees. We find subsection (a) of paragraph 11 to be particularly relevant. It states that defendant was negligent, careless and reckless "[i]n failing to train and instruct its servant, agent, employee, Ricky B. Turner, in the proper methods and procedures of operating a tractor-trailer combination."

If this allegation is indeed true, then punitive damages consideration is certainly warranted. Instructing an untrained employee to operate a tractor-trailer combination on the winding, twisting highways in this county would unquestionably be reckless and egregious conduct. This would be the type of extreme, wanton behavior that punitive damages are designed to deter. We conclude that plaintiffs have properly pleaded facts to warrant further development at trial.

Finally, defendant alleges that paragraph 10(g) of plaintiffs' complaint should be stricken for failure to comply with Pa.R.Crim.P. 1019(1). That paragraph avers a broad spectrum of negligence as follows: "In failing to exercise any care under the foreseeable circumstances." Counsel for plaintiffs agreed at the oral argument to amend their complaint to comply with Pa.R.Crim.P. 1019(a).

## ORDER

And now, June 1, 1990, it is ordered and directed that defendant's preliminary objections are refused. Plaintiffs shall amend their paragraph 10(g) of their complaint consistent with Pa.R.Crim. P. 1019(a) within 20 days from this date.