C.P. of Lawrence County, no. 10617 of 2006, C.A.

*Dominic D. Salvatori,* for plaintiff.
*Jeffrey A. Kubay,* for defendant.

MOTTO, *P.J.,* December 20, 2006—Before the court for consideration is defendant Adam C. Stewart's pre-

liminary objections filed in response to the plaintiffs' complaint in the above-captioned case. For the following reasons the defendant's preliminary objections are denied.

The complaint alleges that on May 27, 2005, the plaintiffs, Helen and David Brueckner, were involved in an automobile accident with the defendant. The complaint further alleges that plaintiff David Brueckner was driving on East Erie St. (US Route 6), near the intersection with Water St., in Linesville. Helen Brueckner, his wife, was a passenger. The plaintiffs allege that while defendant was driving behind their vehicle he failed to stop and suddenly, without warning, smashed into the rear of their car and fled the scene. Plaintiffs further allege that the defendant was intoxicated at the time of the accident. Paragraph 4 of the complaint states that the defendant made the following negligent choices: (a) following too closely, (b) crashing into plaintiffs' car, (c) driving under the influence of alcohol, (d) accelerating when it was unsafe to do so, (e) driving too fast for conditions, (f) ignoring the traffic conditions around him, and (g) fleeing the scene without stopping, as required by law.

Count V, which incorporated paragraph 4, requests punitive damages, and claims that the "defendant acted with reckless indifference and disregard to the interests of the plaintiffs by driving under the influence of alcohol, crashing into the rear of the plaintiffs' moving vehicle at a high rate of speed, and then fleeing the scene. This conduct was so outrageous, and in such willful and reckless disregard of both the interests of the driving public in general, and the plaintiffs in particular, that punitive damages are warranted to prevent or deter such wrongful conduct in the future."

On June 1, 2006, defendant filed preliminary objections claiming that under the law of this Commonwealth plaintiffs' complaint fails to sufficiently allege a claim for punitive damages. Further, the defendant claims that the facts as alleged in this case do not rise to the level of "certain factual circumstances" as contemplated by the case law of the Commonwealth to warrant the recovery of punitive damages. Oral arguments were heard by this court on October 30, 2006. The plaintiffs argue that a punitive damage claim is proper in this case.

When considering preliminary objections, the court must accept all material facts set forth in the complaint, as well as all inferences reasonably deducible therefrom as admitted and true, and decide whether, based upon the facts averred, recovery is impossible as a matter of law. See *Wiernik v. PHH U.S. Mortgage Corporation,* 736 A.2d 616 (Pa. Super. 1999). Preliminary objections should only be sustained in cases that are clear and free from doubt. See *Pennsylvania AFL-CIO ex. rel. George v. Commonwealth,* 563 Pa. 108, 757 A.2d 917 (2000); *Butler v. Illes,* 747 A.2d 943 (Pa. Super. 2000). It should be clear from all of the pleaded facts that the pleader will be unable to prove facts sufficient to legally establish a right to relief. *Id.* Any doubt should be resolved by refusing to sustain the objections. See *Ellenbogen v. PNC Bank N.A.,* 731 A.2d 175 (Pa. Super. 1999).

The sole issue in the above matter is whether the allegations contained in the plaintiffs' complaint are sufficient to make out a claim for punitive damages. The principal authority in Pennsylvania on whether punitive damages may be imposed on an intoxicated driver who causes injury to another is *Focht v. Rabada,* 217 Pa. Super. 35, 268 A.2d 157 (1970). In *Focht,* the defendant

driver, while proceeding at an excessive speed down a crowded thoroughfare, struck an automobile which, in turn, struck the plaintiff pedestrian, causing personal injuries to the plaintiff. The trial court had ruled that evidence of defendant's intoxication was inadmissible because it could not support an award of punitive damages. On appeal, the Superior Court vacated the lower court's ruling and concluded that, "under the appropriate circumstances, evidence of driving while under the influence of intoxicating liquors may constitute a sufficient ground for allowing punitive damages" pursuant to section 908 of the Restatement of Torts. *Id.* at 42, 268 A.2d at 161. The court went on the state that "driving while under the influence of intoxicating liquor, with its very great potential for harm and serious injury, may under certain circumstances be deemed 'outrageous conduct' and 'a reckless indifference to the interest of others' sufficient to allow the imposition of punitive damages." *Id.* at 40, 268 A.2d at 160. The Superior Court thus remanded the case to the trial court to determine whether the offers of proof were sufficient to submit the issue of punitive damages to the jury.[1]

Pennsylvania had adopted the law of punitive damages as set forth in section 908 of the Restatement of Torts and the comments thereunder. *Chambers v. Montgomery,* 411 Pa. 339, 192 A.2d 355 (1963). Section 908(1) provided that "punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct." Comment (b) of the above section stated that

---

1. The case was subsequently settled and the trial court did not have to rule on the above issue.

"outrageous conduct" consists of acts done with a bad motive or with a reckless indifference to the interests of others. Punitive damages are thus recoverable when the act is done with reckless indifference as well as with bad motive or intent. *Focht, supra* at 38, 268 A.2d at 159.

The *Focht* court determined that the phrase "reckless indifference" derived its meaning from comment (d) of section 500 of the Restatement of Torts. That comment provided that if the actor's conduct is such as to involve a high degree of chance that serious harm will result from it to anyone who is within such range is conclusive of the recklessness of his conduct toward them. *Id.* at 39, 268 A.2d at 159.

The court further determined that in certain factual circumstances, the risks presented by a drunken driver may be so obvious and the probability that harm will follow so great that outrageous misconduct may be established without reference to motive or intent. *Id.* at 41, 268 A.2d at 161.

The question before us in the case sub judice is whether the complaint sufficiently avers an "appropriate circumstance" for the award of punitive damages. Pennsylvania is a fact-pleading state, and a complaint must give a defendant both notice of the plaintiff's claim and the facts essential to support the claim. *Smith v. Brown,* 283 Pa. Super. 116, 120, 423 A.2d 743, 745 (1980). The critical facts needed to support a claim for punitive damages from an intoxicated driver would be those showing outrageous conduct, *i.e.,* reckless indifference of the rights of others. While the defendant contends that the operation of a vehicle while intoxicated by itself is not a sufficient factual circumstance under the standard

contemplated by the law of this Commonwealth to support a claim for punitive damages, this court finds that the plaintiff in this case has asserted additional facts which sufficiently set forth a punitive damage claim.

In Count V of the complaint the plaintiffs assert that the defendant acted with reckless indifference and disregard to the interests of the plaintiffs by driving under the influence of alcohol, crashing into the rear of plaintiffs' car while moving at a high rate of speed, and then fleeing the scene. According to the plaintiffs, a jury may find that the operation of a vehicle while under the influence of alcohol constitutes a sufficient reckless indifference to the safety of others to allow the imposition of punitive damages. Plaintiffs argue that inherent in driving under the influence of alcohol is the potential for harm and serious injury. Applying the above-stated law to the facts of this case, this court finds that the allegations in the complaint are sufficient evidence of outrageous conduct to support a claim for punitive damages. Since a genuine issue of material fact exists, defendant's preliminary objections must be denied.

Drawing a line between pleading facts and evidence is difficult, but such lines must be drawn. In this case, to require plaintiffs to provide further detail would require them to plead evidence. Our rules of pleading only require pleading of facts adequate to enable the defendant to effectively prepare a defense. At this stage in the proceedings, the plaintiffs have pled facts which sufficiently set forth a claim for punitive damages where plaintiffs have pled that defendant, while intoxicated, drove at a high rate of speed into the rear of plaintiffs' automobile and fled the scene. As such, defendant's preliminary

objection asking that the claim for punitive damages be stricken is denied.

The court does agree with defendant that a claim for punitive damages is not an independent cause of action, but rather an element of damages on the underlying cause of action for negligence in Counts One and Three. However, the court finds that no useful purpose would be served by requiring plaintiffs to file an amended complaint, and plaintiffs claim for punitive damages shall be addressed at trial as an element of damages relevant to Counts One and Three of the complaint.

## ORDER

And now, December 20, 2006, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered and decreed that the defendant's preliminary objections are denied. However, plaintiffs' claim for punitive damages shall be considered as an element of damages relevant to Counts One and Three of plaintiffs' complaint and not as independent cause of action. The defendant shall file an answer to the complaint within 20 days of the date that this order of court is docketed.