## Stimpson v. Myers

C.P. of Clearfield County, no. 2010-916-CD.

*Todd Berkey* and *Erin K. Rudert,* for plaintiff.

*James DeCinti* and *John T. Pion,* for defendants.

AMMERMAN, *P.J.,* September 9, 2010—This action arises out of a motor vehicle accident, which occurred at the intersection of Bigler Road and U.S. Route 322 in Bradford Township, Clearfield County, Pennsylvania, on March 29, 2010. Plaintiff Jamie Stimpson (hereinafter "plaintiff") alleges she suffered injuries when her vehicle was struck by a vehicle operated by defendant Jason L. Myers and owned by defendant R.W. Frazee, LLC.

On May 24, 2010, plaintiff filed a complaint in civil action against both defendants. On June 21, 2010, defendants filed preliminary objections to plaintiff's complaint. On August 31, 2010, counsel for all parties appeared before this court for arguments on said preliminary objections. Counsel previously submitted briefs to the court in support of or in opposition to defendants' preliminary objections.

Defendants raise numerous preliminary objections to plaintiff's complaint. First, it alleges that punitive damages were improperly pleaded as a separate count. Second, defendants seek all references to "recklessness," "wantonness," or "willful, wanton and reckless actions" be struck from the complaint because it does not support a claim for punitive damages. Next, defendants allege insufficient specificity in violation of Rule 1028(3) of the Pennsylvania Rules of Civil Procedure. Lastly, defendants request the court strike reference to the West Virginia Commercial Driver's Manual. The court considers each of these issues in turn.

I. *Punitive damages as a separate count*

Count III of plaintiff's complaint improperly claimed

punitive damages as a separate and distinct count. Punitive damages, however, are not a separate cause of action. *Nix v. Temple Univ.*, 596 A.2d 1132, 1138 (Pa. Super. 1991). Plaintiff acknowledged in its brief that punitive damages were not a separate cause of action and offered to amend its complaint to comply with the rules. Because the court has the discretion to grant leave to amend pleadings and because the amendment does not add a new cause of action, the court grants plaintiff leave to file an amended complaint.

## II. *References to "willful," "wanton" or "reckless" conduct*

Defendants also ask the court to strike any and all reference to willful, wanton, or reckless conduct in the remaining counts. The court, however, is satisfied that plaintiff has averred sufficient material facts to support a claim for punitive damages and thus refuses to strike such language.

Pennsylvania is a fact pleading state. Pa. R.C.P. 1019(a). Not only should a complaint give the defendant notice of what the plaintiff's claims are, it should also summarize the facts essential to that claim. *Smith v. Brown*, 423 A.2d 743, 745 (Pa. Super. 1980). To support a claim for punitive damages, the essential fact is the outrageousness of the defendant's conduct. *Id.*

Pennsylvania law looks to the restatement of torts for guidance: outrageous conduct is an "act done with a bad motive or with a reckless indifference to the interests of others. *Focht v. Rabada*, 268 A.2d 157, 159 (Pa. Super. 1970) (citing Restatement of Torts § 908 Comment (b) The court in *Focht* went on to define "reckless indifference," or wanton misconduct, as it is commonly referred, as:

The actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. *Id.* (quoting *Evans v. Phila. Trans. Co.,* 418 Pa. 567, 212 A.2d 440 (1965).

To support a claim for punitive damages, a plaintiff must aver facts in the complaint sufficient to put the defendant on notice of what outrageous conduct was alleged. Facts, not conclusions, must be pleaded. *Smith,* supra, at 121. See also *Brownawell v. Bryan,* 40 Pa. D. & C. 3d 604 (Ct. C.P. 1985) ("The mere pleading of outrageous conduct" does not satisfy the standard.). The court is required to accept as true all well pleaded material facts, as well as inferences reasonably deduced from them. *Webb Manuf. Co. v. Sinoff,* 674 A.2d 723 (Pa. Super. 1996). Because the finder of fact is responsible for determining whether the defendant acted in an outrageous manner, "the court should decide the viability of a punitive damages claim 'only when no reasonable inference from the facts alleged support a punitive award.'" *Rivero v. Timblin,* 2010 WL 2914400 (Ct. C.P. 2010) (quoting *Eagle Traffic Control v. Addco,* 889 F. Supp. 200 (E.D. Pa. 1995).

Here, the court is satisfied that the plaintiff averred sufficient material facts in her complaint. As to count I, the plaintiff avers that defendant Myers was speeding, traveling too fast for conditions, disobeyed traffic signals, failed to drive in an attentive manner, violated numerous laws, and knew or should have known that his vehicle was unsafe or improperly maintained. Complaint ¶ 26. Although the court is not convinced that allegations of speeding, disobeying traffic signals, and inattentive driving alone would bring this case outside the realm of

ordinary negligence into the world of outrageous conduct and punitive damages, it is conceivable that a trier of fact would find driving a vehicle with actual or constructive knowledge of defects is outrageous and warrants punitive damages.

Similarly, in count II, the plaintiff alleges defendant Frazee failed to properly train its employees, including Mr. Myers; knew or should have known about Myers's unsafe driving record; failed to properly maintain and inspect vehicles; and developed routes and deadlines that encouraged unsafe driving. Complaint ¶29. Again, if taken as true, as is required, this court finds that such conduct may support a claim for punitive damages. See *George v. Caravan Express, Inc.*, 9 Pa. D. & C. 4th 593, 594 (Pa. C.P. 1990) (finding allegation of inadequate training by defendant trucking company is sufficient for punitive damages); *Zaborowski v. Hospitality Care Ctr. of Hermitage, Inc.*, 2002 WL 32129508 (Pa. Ct. C.P. 2002) (finding allegation that health care provider failed to properly train and supervise employees is sufficient for punitive damages).

Because the court finds there is a reasonable inference from which a fact finder could conclude a punitive damage award is supported, the court declines to strike language such as "willful," "wanton," or "reckless" from plaintiff's complaint.

### III. *Insufficient specificity regarding statutes/ regulations*

Next, defendants argue that certain paragraphs — specifically, paragraphs 26(bb)-(dd); 29(b), (x), (y); 32(e); and 34(f) — should be stricken because they

lack specificity.[1] As stated above, Pennsylvania is a fact pleading state, and sufficient facts must be pleaded to put the defendant on notice of what claims plaintiff assert. Pa. R.C.P. 1019(a). The court recognizes, however, that "[d]rawing a line between pleading facts and evidence is difficult, but such lines must be drawn." *Brueckner v. Stewart*, 82 Pa. D. & C. 4th 454 (Pa. Ct. C.P. 2006).

Here, plaintiff avers defendants violated provisions of the Pennsylvania Motor Vehicle Code and Federal Motor Carrier Safety Regulations. Complaint, ¶¶26(bb)-(cc), 29(b), (x), (y). Defendants object on the grounds that plaintiff names the statute or regulations, and in some situations even specific provisions therein, but then couches such averments in terms of "including but not limited to" or "any and all applicable" sections. Defendants claim this makes it impossible for them to prepare a defense because they are being forced to defend against unnamed provisions.

The court is not convinced this is the case. Plaintiff has pointed to which laws or regulations it alleges were violated by name. There is no requirement that plaintiff allege violation of any statute, let alone a specific provision of one. In *Goldberg v. Friedrich*, the Pennsylvania Supreme Court wrote:

It may also be stated, however, as a rule universally

---

1. Because the court found that plaintiff may amend its complaint to eliminate count III, which includes paragraphs 32(e) and 34(f), the court will not address the preliminary objection in regards to those two paragraphs, as the issue is now moot. The court also reserves judgment concerning paragraphs 26(dd) and 29(b), referencing West Virginia's Commercial Drivers' Manual. Because there is also a preliminary objection as to whether any references to that manual should be stricken as irrelevant, this court will address it in its entirety in Part IV of its opinion.

recognized, that courts will take judicial notice of its public statutes. Such laws need not be pleaded or proved; it is not necessary to allege a violation of the statute, but of course, the statement must set forth sufficient facts to bring the case within the statute. 279 Pa. 572, 574 (1924).

See also *Dept. of Transp. V. Pa. Turnpike Comm'n*, 370 A.2d 438, 440 (Pa. Commw. 1977) (citing *Goldberg*); 4 Standard Pa. Practice 2d § 21:62(2010).

The court is also satisfied that plaintiff set forth sufficient facts to bring the case within either the state's Motor Vehicle Code or the Federal Motor Carrier Safety Regulations. When determining whether a complaint is specific enough to put the defendant on notice, a court must consider the context of the entire complaint.

*Yacoub v. Lehigh Valley Med. Assoc.*, 805 A.2d 579, 589 (Pa. Super. 2002). In the case sub judice, plaintiff other averments concerning speeding, failing to stop at a traffic signal, driving inattentively, etc., clearly put the defendants on notice as to what claims they must defend against. The court determines plaintiff's averments are not vague and overrules defendants' preliminary objections.

## IV. *References to West Virginia Commercial Drivers' Manual*

Lastly, defendants request all references to the West Virginia Commercial Drivers' Manual be stricken. Because this accident occurred in Clearfield County, Pennsylvania, the laws and rules of this Commonwealth and any applicable federal standards govern. Whether

defendant Myers did or did not comply with what West Virginia required of him is irrelevant to this negligence action in Pennsylvania. The court therefore sustains defendants' preliminary objection to strike any and all references to the manual. Because the court is ordering all references to the manual struck, the defendants' preliminary objection as to vagueness surrounding what provisions of said manual were violated is moot.

## ORDER

Now, September 9, 2010, it is the order of this court as follows:

1.    The court grants plaintiff leave of court to file an amended complaint to cure the improperly pleaded count III concerning punitive damages. Plaintiff shall file an amended complaint within no more than twenty (20) days from this date.

2.    The court dismisses defendants' preliminary objection to strike references to "willful," "wanton" or "reckless" conduct from plaintiff's complaint.

3.    The court dismisses defendants' preliminary objection to paragraphs 26(bb)-(cc) and 29(b), (x), (y).

4.    The court grants defendants' preliminary objection to all references of West Virginia's Commercial Drivers' Manual. Said references are hereby stricken.

5.    In light of the court's opinion and order, defendants' preliminary objections to count III and paragraphs 26(d), 32(e), and 34(f) are moot.