Focht, Appellant, *v.* Rabada.

Argued March 16, 1970. Before WRIGHT, P. J., WAT-KINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John M. Yarema,* with him *Martin H. Philip,* and *Water H. Katherman,* for appellant.

*Joseph H. Foster,* with him *William H. Bayer, Allan H. Starr,* and *White and Williams,* for appellee.

OPINION BY HOFFMAN, J., June 12, 1970:

The question in this case is whether, in certain circumstances, punitive damages may be imposed on a driver who, while intoxicated, operates an automobile causing injury to another.

Plaintiff was standing in front of his automobile when it was struck in the rear by defendant's automobile. The impact knocked plaintiff thirty feet. Defendant's automobile then continued on and struck another vehicle. Prior to the accident, defendant had been parked in front of a club on the opposite side of the street at a distance of 140 feet from plaintiff.

Defendant admitted liability. Plaintiff's counsel then made four offers of proof seeking to establish, (a) that defendant was so intoxicated that he did not know whether his motor was running; (b) that, in fact, defendant released the brake and permitted his automobile to drift, without lights or motor running, down and across the street and into plaintiff's automobile; (c) that defendant was incoherent; and (d) that defendant was uncooperative, refused to give his name and attempted to run away from the scene of the accident. All of this evidence was offered as a predicate to plaintiff's request that the question of punitive damages be submitted to the jury.

The lower court ruled that since liability was admitted, a verdict was to be directed for the plaintiff, and the amount of compensatory damages to be determined by the jury. In addition, the court ruled that evidence of intoxication would not be admitted as it could not support an award for punitive damages. Plaintiff filed a motion for new trial limited solely to the question of punitive damages, which was dismissed by the lower court. Judgment was entered for the plaintiff in the amount of the compensatory damages awarded, and plaintiff brought this appeal.

Several jurisdictions have held that evidence of intoxication does not support an award for punitive damages. For example, in *Baker v. Marcus*, 201 Va. 905, 114 S.E. 2d 617 (1960), the Supreme Court of Virginia held that punitive damages may not be awarded in the absence of proof of *"purposeful* carelessness, *deliberate* inattention to known danger, or any *intended* violation

or disregard of the rights of others on the highway". (emphasis added) See also *Giddings v. Zellan,* 160 F. 2d 585 (D.C. Cir. 1947) ; *Davis v. Gordon,* 183 Md. 129, 36 A. 2d 699 (1944) ; *Gombos v. Ashe,* 158 Cal. App. 2d 517, 322 P. 2d 933 (1958) ; *Ruther v. Tyra,* 207 Okla. 112, 247 P. 2d 964 (1952) ; *Sears Roebuck & Co. v. Jones,* 303 S.W. 2d 432 (Texas 1957). The courts in these jurisdictions have indicated that while driving an automobile while under the influence of intoxicating liquors may be evidence of negligence, it does not establish the requisite intentional or conscious motive or desire (malice) to injure sufficient to warrant punitive damages.

A majority of jurisdictions have indicated, however, that recovery of punitive damages from an intoxicated driver may be allowed under certain circumstances. In *Miller v. Blanton,* 213 Ark. 246, 210 S.W. 2d 293 (1948) the Supreme Court of Arkansas held that punitive damages could be awarded even without proof of malice or intentional misconduct. The court inferred a requisite disregard for the safety of others from the fact that defendant pleaded guilty to the offense of reckless driving. In arriving at this conclusion, the court stated: "His conduct in (drinking) was distinctly anti-social and the jury was amply authorized in saying by their verdict that he was exhibiting a 'wanton disregard of the rights and safety of others.' " Similarly, the Iowa Supreme Court in *Sebastian v. Wood,* 246 Iowa 94, 66 N.W. 2d 841 (1954), rejected defendant's argument that malice was a necessary element and found "legal malice" from the wanton or willful misconduct of the defendant. The Iowa court cited with approval the trial judges' statement that "for a drunken man to attempt to operate a motor vehicle on a public highway in violation of a statute intended to protect others is itself equivalent of gross and culpable negligence." See also *Madison v. Wigal,* 18 Ill. App. 2d

564, 153 N.E. 2d 90 (1958); *Ross v. Clark*, 35 Ariz. 60, 274 P. 639 (1929); *Pratt v. Duck*, 28 Tenn. App. 502, 191 S.W. 2d 562 (1945); *Chitwood v. Stoner*, 60 Ga. App. 599, 4 S.E. 2d 605 (1939); *Southland Broadcasting Co. v. Tracy*, 210 Miss. 836, 847, 50 So. 2d 572 (1951); *Wigginton's Admr. v. Rickert*, 186 Ky. 650, 217 S.W. 933 (1920); 46 Iowa L. Rev. 645-651 (1961); Annot., 3 A.L.R. 2d 212; Annot., 62 A.L.R. 2d 813.

Thus, the cases from other jurisdictions differ as to whether intent or motive must be shown before punitive damages may be awarded.

The parties agree that the decided cases in other jurisdictions are not in harmony on this question, nor do they provide a clear guideline in this regard. Each argues, however, that the prior law in Pennsylvania relating to punitive damages supports his position.

Pennsylvania has adopted the rule of punitive damages as set forth in §908 of the Restatement of Torts and the comments thereunder. Section 908(1) provides: " 'Punitive damages' are damages other than compensatory or nominal damages awarded against a person to punish him for his outrageous conduct". Comment (b) to the above section states that "Punitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others." See *Chambers v. Montgomery*, 411 Pa. 339, 344, 192 A. 2d 355 (1963). Thus, the Pennsylvania rule allows the awarding of punitive damages when the act is done with reckless indifference as well as with bad motive.

Defendant contends that his actions, while certainly negligent, could not be construed as having been committed with a bad motive. The question for us, however, is whether we should hold that driving while under the influence of intoxicating liquors may, even in the absence of proof of bad motive, in certain circumstances, constitute such reckless indifference to the

interests of others to come within the meaning of comment (b) of §908 of the Restatement of Torts.

Some direction in determining the nature of a "reckless" act may be obtained by reference to §500 of the Restatement of Torts titled "Reckless Disregard of Safety". Comment (d) to that section states that: "[i]f the actor's conduct is such as to involve a high degree of chance that serious harm will result from it to anyone who is within range of its effect, the fact that he knows or *has reason to know that others are within such range* is conclusive of the recklessness of his conduct toward them." (Emphasis added). This language was first adopted by the Supreme Court in *Evans v. P. T. C.*, 418 Pa. 567, 212 A. 2d 440 (1965) and has since been held by us to encompass driving while intoxicated. *Fugagli v. Camasi*, 426 Pa. 1, 3, 229 A. 2d 735 (1967). In *Fugagli*, plaintiff was injured as a result of defendant's operation of an automobile at a speed of ninety miles an hour while under the influence of intoxicating liquor. It was stated: "It is not necessary for the tortfeasor to have actual knowledge of the other person's peril to constitute wanton misconduct. Such exists if he has knowledge of sufficient facts to cause a reasonable man to realize the existing danger for a sufficient period of time beforehand to give him a reasonable opportunity to take means to avoid the danger and despite this knowledge, he recklessly ignores the other person's peril . . ."

We believe that these same principles may be applicable in cases involving punitive damages. We recognize, of course, as Judge VAN DUSEN stated in *McSparran v. Pennsylvania Railroad Company*, 258 F. Supp. 130, 134 (1966): "Plaintiff's contention that wanton misconduct and the conduct making one liable for punitive damages are equated by the Pennsylvania decisions is rejected. Wanton misconduct as defined, §500 of the Restatement of Torts and in *Evans v. Phila. Trans. Co.,*

418 Pa. 567, 212 A. 2d 440 (1965), is not the same as the 'outrageous conduct . . . done with a reckless indifference to the interests of others'. . ."

Nonetheless, we believe that driving while under the influence of intoxicating liquor with its very great potential for harm and serious injury may under certain circumstances be deemed "outrageous conduct" and "a reckless indifference to the interests of others" sufficient to allow the imposition of punitive damages.

In seeking to deny punitive damages, defendant cites *Chambers v. Montgomery,* supra, for the proposition that such punitive damages may not be allowed in the absence of proof of bad motive. In *Chambers,* defendant struck plaintiff twice with his fists from behind causing plaintiff to lose his balance and fall down an embankment breaking his hip. The court stated that, in determining whether punitive damages should be awarded, the act itself, together with all the circumstances, including the motive of the wrongdoer and the relations between the parties, should be considered." Citing Restatement, Torts, §908, comment (e).

We believe, however, that defendant's conclusion from *Chambers* that wrong motive or a prior relationship between the parties must exist in all cases before such damages will be imposed is in error. A careful reading of comment (e) to the Restatement indicates that these criteria are not absolutely essential. It states: "In determining the amount of punitive damages as well as in deciding whether they shall be given at all, the trier of fact *can* properly consider not merely the act itself but all the circumstances including the motives of the wrongdoer, the relations between the parties and the provocation or want of provocation for the act." (Emphasis added)

In this regard, the facts in *Chambers* are particularly helpful in distinguishing that case. There, defendant struck plaintiff twice with his fists. The court

stated that there was insufficient evidence to support the assault as "malicious, wanton, reckless or oppressive." It termed the incident an "unfortunate freak" where "there was no evidence that appellant intended to inflict bodily injury on appellee or that he hoped for such a result." The result in that case may well be justified inasmuch as the assault was with fists only. Since striking with fists will ordinarily not result in serious harm, motive or intent loom as significant considerations in passing on the question of punitive damages. Otherwise stated, the use of fists in itself will not necessarily reflect a reckless indifference to the rights or safety of others.

The same is not true, however, when dealing with intoxicated drivers. Automobiles represent the most lethal and deadly weapons today entrusted to our citizenry. When automobiles are driven by intoxicated drivers, the possibility of death and serious injury increases substantially. Every licensed driver is aware that driving while under the influence of intoxicating liquor presents a significant and very real danger to others in the area. Thus, we have no hesitancy in concluding that an intentional assault with fists may, in certain instances, constitute action less outrageous than attempting to drive while under the influence of intoxicating liquor which constitutes a threat to the life and safety of others. In certain factual circumstances the risk to others by the drunken driver may be so obvious and the probability that harm will follow so great that outrageous misconduct may be established without reference to motive or intent.[1] We conclude, therefore,

---

[1] While we are not considering the actual factual circumstances in this case, it would appear clear to us that an intoxicated driver, proceeding at an excessive speed down a crowded thoroughfare where there are many pedestrians would clearly be liable for punitive damages. Note should also be taken of the statistical analyses prepared each year by the Bureau of Traffic Safety in Pennsylvania which reflect the very high percentage of fatalities

that, under the appropriate circumstances, evidence of driving while under the influence of intoxicating liquors may constitute a sufficient ground for allowing punitive damages.

The lower court never ruled on the offers of proof as a factual matter, because it found that punitive damages could not be awarded as a matter of law. Since we have determined that this ruling was in error, the case must be remanded for a new trial. On retrial, it will be the obligation of the judge to determine preliminarily whether the offers of proof warrant the submission of the question of punitive damages to the jury.

Judgment vacated and new trial ordered.

MONTGOMERY, J., dissents.

---

and other injuries which may be directly attributed to drivers who are under the influence of intoxicating liquors.