## Pater v. Tomsic

*Martin H. Philip* and *Anthony Roberti*, for plaintiffs.
*Edward H. McGee*, for defendant.
*Victor F. Cavacini*, for additional defendant.

DAVISON, J., October 17, 1972.—The issue presented here is whether a plaintiff seeking damages for personal injuries is entitled to disclosure, by way of pretrial examination or discovery, of information as to defendant's financial worth or condition on the issue of exemplary or punitive damages.

Plaintiffs argue that such information is germane with respect to their claim for punitive damages. We are here concerned only with whether or not such information is properly within the scope of discovery proceedings as distinct from determining the admissibility of such evidence at trial.

Plaintiffs have called to our attention two lower court decisions in Pennsylvania which have permitted such discovery: Judson v. Tracey, 25 D. & C. 2d 97 (1961), and Shor v. Redden, 33 D. & C. 2d 179 (1964). While both of those cases were actions in trespass, neither one involved claims for personal injuries due to motor vehicle collisions. In Judson, plaintiff claimed both compensatory and punitive damages based upon defendant's alleged malicious assault and battery, and, in Shor, similar damages were sought from a defendant allegedly resulting from her living in an adulterous relationship with plaintiff's husband.

Under proper circumstances, punitive damages may be recoverable in claims arising out of motor vehicle collisions (Focht v. Rabada, 217 Pa. Superior Ct. 35, 268 A. 2d 157 (1970)); however, we are inclined to agree with the opinion expressed by President Judge Sweet in Avolia v. Hesslink, 49 Wash. Co. 11 (1968), that instances of reported cases of recovery are rare.

It seems appropriate to inquire as to whether the matters pursued here would be admissible at trial, bearing in mind that exemplary damages are not to

be considered as a reward for the offended party but rather to punish the offender for the latter's outrageous conduct.

Aside from the oft-repeated statement that punitive damages are not to be disproportionate to compensatory damages, reported authority seems sparse on the question of what evidence is admissible at trial in support of a claim for punitive damages, and specifically whether or not defendant's assets, financial circumstances, net worth and the like are pertinent. Thus, in Hughes v. Babcock et al., 349 Pa. 475, 37 A. 2d 551 (1944), the court said:

'Although there is no fixed rule governing the amount which should be awarded as exemplary damages, it must not be disproportionate to the award of compensatory damages. (citing cases) . . . in determining the amount of punitive damages, not merely the act itself must be considered, but all of the surrounding circumstances, including the motives of the wrongdoer, and the relations between the parties."

The aforequoted section was recently cited with approval by the Supreme Court in Chambers v. Montgomery, 411 Pa. 339, 192 A. 2d 355 (1963).

Even assuming that the possibility exists that the facts of the instant case might justify punitive damages, at this juncture, with the exception of the bald averments of the complaint, there is nothing else of record substantiating such claim; consequently, we will prohibit such inquiry.

We believe that the pitfalls and abuses that could result by opening the door to discovery of this nature exceed the benefits that could be derived therefrom. To permit discovery of assets on the basis of averments in a complaint would permit every plaintiff to routinely plead exemplary damages in automobile cases with consequential harassment, possible inva-

sion of privacy and other deleterious effects on defendants. In our view, that would violate the spirit and intent of discovery proceedings.

### ORDER

And now, October 17, 1972, after argument, defendant's objections to plaintiffs' interrogatories are sustained and plaintiffs' rule issued on September 1, 1972, is discharged.