## Kenshaft v. Colomeco

*William K. Sayer,* for plaintiffs.
*Mark S. Love,* for defendants.

WILLIAMS, *J.*, February 14, 1978 — This matter is before the court on defendants' preliminary objections in form of a motion to strike paragraphs 16 and 17 of the original complaint as incorporated in paragraph 14.1 of the amended complaint as being duplicitous.

Plaintiffs have instituted an action in assumpsit averring that they leased a dwelling from defendants on September 10, 1976, for a period of eight months, beginning September 12, 1976, at a monthly rental of $150 per month, and a $400 security deposit and that a break-down of the heating system forced them to vacate the premises when it was not repaired by the landlord. Plaintiffs claimed damages inter alia as follows: (a) In paragraph 16 of the original complaint as incorporated in paragraph 14.1 of the amended complaint, the amount of the security deposit of $400; (b) In paragraph 17, punitive damages in the amount of $100 and in paragraph 18, $800 being double the amount of the moneys which plaintiffs allege is due them because defendants failed to comply with the provisions of the Act of April 6, 1951, P.L. 69, as amended, 68 P.S. §250.512(c), in that they failed to return the security deposit within 30 days after the termination of the lease even though no damage to the premises was caused by plaintiffs.

## ISSUES

1. Whether plaintiffs may recover damages under both 68 P.S. §250.512(a) and 68 P.S. 250.512(c).

2. Whether plaintiffs may recover punitive damages.

## DISCUSSION

Section 250.512(a) provides:

"Every landlord shall within thirty days of termination of a lease or upon surrender and acceptance of the leasehold premises, whichever first occurs, provide a tenant with a written list of any damages to the leasehold premises for which the landlord claims the tenant is liable. Delivery of the list shall be accompanied by payment of the difference between any sum deposited in escrow, including any unpaid interest thereon, for the payment of damages to the leasehold premises and the actual amount of damages to the leasehold premises caused by the tenant. Nothing in this section shall preclude the landlord from refusing to return the escrow fund, including any unpaid interest thereon, for nonpayment of rent or for the breach of any other condition in the lease by the tenant."

Section 250.512(c) provides:

"If the landlord fails to pay the tenant the difference between the sum deposited, including any unpaid interest thereon, and the actual damages to the leasehold premises caused by the tenant within thirty days after termination of the lease or surrender and acceptance of the leasehold premises, the landlord shall be liable in assumpsit to double the amount by which the sum deposited in escrow, including any unpaid interest thereon, exceeds the actual damages to the leasehold premises caused by the tenant as determined by any court of record or court not of record having jurisdiction in civil actions at law. The burden of proof of actual damages caused by the tenant to the leasehold premises shall be on the landlord."

It is clear to us that these two clauses in the statute grant alternative and not distinct rights to damages. Clause (c) requires the landlord to return the security, less any damages caused by the tenant, within 30 days upon surrender of the premises. If he does so, he suffers no penalty. If he fails to comply with the requirements of clause (a), then and then only, the tenants right to claim double the amount of the security deposit comes into being.

It is the plain import of the language of the statute that the rights granted the tenant under clauses (a) and (c) are mutually exclusive. Dependant on the circumstances, the tenants remedy is either under clause (a) or clause (c), but not under both. If plaintiffs recover under clause (c), they cannot recover under clause (a). The motion to strike paragraph 16 of the original complaint must be granted.

## PUNITIVE DAMAGES

Plaintiffs admit that they have no statutory right to punitive damages because the security deposit exceeded the permissible amount of double the amount of one month's rent.

Punitive damages are not recoverable in Pennsylvania in contract actions and if this well established rule was intended to be abrogated when a landlord exacted an excessive security deposit, the legislature should have expressly so provided. Moreover, to recover punitive damages in Pennsylvania, it is necessary to show that defendant acted with a bad motive or with a reckless indifference to others: Focht v. Rabada, 217 Pa. Superior Ct. 35, 38, 268 A. 2d 157 (1970). No such conduct is alleged in the complaint.

## ORDER

And now, February 14, 1978, the preliminary objections are sustained. Paragraphs 16 and 17 of the original complaint are stricken.