## Long v. Ohler

*David L. Lutz,* for plaintiffs.
*Thomas J. Williams,* for defendant.

KUHN, *J.,* March 21, 1988 — Defendant filed preliminary objections in the nature of a demurrer to that portion of plaintiffs' complaint seeking punitive damages. The complaint alleges that on Christmas Eve, December 24, 1986, at approximately

5:37 p.m., the parties' vehicles were traveling in opposite directions on Pennsylvania Route 116 when defendant's vehicle suddenly swerved in front of plaintiffs' vehicle causing a head-on collision. Paragraph 7 alleges that defendant's actions were "careless, wanton, reckless, negligent and outrageous" in that he drove his vehicle (1) at a time when his blood-alcohol content was .22 percent, (2) directly into plaintiffs' path, (3) without keeping a proper watch for others, (4) without yielding the right-of-way, (5) at an unsafe speed, given the weather conditions, (6) without adequate control, (7) on the wrong side of the highway, and (8) in violatin of the Vehicle Code.

Count II, which incorporates paragraph 7, requests punitive damages, and claims that "defendant's conduct of operating a vehicle while severely intoxicated constitutes outrageous conduct and a reckless indifference to the rights of other persons on the highway. Defendant knew or should have known that operating a motor vehicle while severely intoxicated created a high degree of risk to other person on the highway."

We recognize that the courts of this commonwealth will not lightly sustain a demurrer.

"In considering preliminary objections in the nature of a demurrer, the question presented is whether, on the facts averred, the law says with certainty that not recovery is possible . . . A demurrer admits every well-pleaded material fact set forth in the complaint, as well as all inferences reasonably deducible therefrom, but not conclusions of law . . . The law does not provide a 'magic formula' to determine sufficiency of a plaintiff's complaint, however, the law is clear that a demurrer can only be sustained in a case free from doubt . . ." *Barta-*

*nus v. Lis,* 332 Pa. Super. 48, 52, 480 A.2d 1178, 1180 (1984). (citations omitted)

The only reported Pennsylvania case[1] discussing whether punitive damages may be imposed upon an intoxicated driver who injures another is *Focht v. Rabada,* 217 Pa. Super. 35, 268 A.2d 157 (1970). There the Superior Court held that driving under the influence of alcohol may "under certain circumstances" be deemed sufficient to allow imposition of punitive damages under section 908 of the Restatement of Torts. Thus, the court did not declare a per se basis for punitive damages when injury results from an accident caused by an intoxicated driver.

Pennsylvania adopted section 908 and the comments thereunder in *Chambers v. Montgomery,* 411 Pa. 339, 192 A.2d 355 (1968). Section 908(1) provides that punitive damages are awarded to punish one for his outrageous conduct. Comment (b) notes that "outrageous conduct" is acts done with a bad motive or reckless indifference.

The court in *Focht, supra,* suggested that the term "reckless act" obtains meaning when referencing section 500 of the Restatement of Torts, Reckless Disregard of Safety, where comment (d) notes that:

"If the conduct involves a high degree of chance that serious harm will result, that fact, that he knows or has reason to know that others are within the range of its effect, is conclusive of his recklessness."

In *Focht,* the Superior Court remanded to the trial court[2] to determine whether offers of proof were

1. See 65 ALR 3d 656, intoxication of automobile driver as basis for awarding punitive damages, for cases from other jurisdictions.

2. We are advised that the case settled and the trial court never had to enter a ruling.

sufficient to submit the issue of punitive damages to the jury. While concluding only that under certain circumstances, evidence of intoxicated driving may be sufficient ground for allowing punitive damages, the court did note:

"Automobiles represent the most lethal and deadly weapons today entrusted to our citizenry. When automobiles are drive by intoxicated drivers, the possibility of death and serious injury increases substantially. Every licensed driver is aware that driving while under the influence of intoxicating liquor presents a significant and very real danger to others in the area." 217 Pa. Super. at 41, 268 A.2d at 161.

In the intervening 17 years since *Focht,* thousands of Pennsylvania drivers, passengers and pedestrians have been killed or maimed by intoxicated drivers. Public awareness and educational campaigns have been aimed at informing drivers of the consequences of their actions when drinking alcoholic beverages. The Vehicle Code has been amended, mandatory imprisonment directed, and license suspensions increased in an attempt to curb this serious problem. Nevertheless, the dockets continue to list a large number of persons appearing before our court each month charged with driving under the influence, 75 Pa.C.S. §3731.

The case sub judice is not ready for submission to the jury as in *Focht.* The question before us is whether the complaint sufficiently avers an "appropriate circumstance" for the award of punitive damages. Pennsylvania is a fact-pleading state, and a complaint must give a defendant both notice of plaintiff's claim and the facts essential to support the claim. *Smith v. Brown,* 283 Pa. Super. 116, 120, 423 A.2d 743, 745 (1980).

The critical facts needed to support a claim for

punitive damages from an intoxicated driver would be those showing outrageous conduct, i.e., reckless indifference of the rights of others. We believe that averments that defendant drove his vehicle at an unsafe speed on Christmas Eve when others were lawfully on the highway, while his blood-alcohol content was in excess of double the legal limit, 75 Pa.C.S. §3731(a)(4), and that he drove straight into the path of an oncoming car is sufficient to allow this case to proceed to trial on the issue of punitive damages.

In concluding that plaintiffs need not plead further facts, we are mindful of Judge Walker's comment in *Hall v. Horstman Builder's Inc.*, 37 D.&C. 3d 255, 261 (1984):

"[D]rawing a line between pleading facts and evidence is difficult, such lines must be drawn. In this case to require plaintiffs to allege further detail would require them to plead evidence, . . . Our rules of pleading only require pleading of facts adequate to enable the defendant to effectively prepare a defense."

Accordingly, we enter the attached

## ORDER OF COURT

And now, March 21, 1988, defendant's preliminary objection in the nature of a demurrer on the issue of punitive damages is hereby denied. Defendant is granted 20 days to file an answer to plaintiff's complaint.