## Nunez v. Meckes

C.P. of Monroe County, no. 2617 Civil 1995.

*Thomas J. Foley,* for plaintiff.
*Richard A. Polacheck,* for defendant.
*Melissa Rudas,* for additional defendant.

CHESLOCK, *J.,* October 15, 1999—Plaintiffs commenced this action by filing a writ of summons on September 21, 1995 for injuries sustained as a result of an automobile collision. On October 30, 1995, plaintiffs filed a complaint. Defendant Claude Meckes filed an answer with new matter on March 15, 1996.[1] On April 2, 1996, plaintiffs filed a response to defendant's answer and new matter. Plaintiffs filed a motion to compel punitive damages discovery on July 21, 1999 and a memorandum of law in support thereof on September 29, 1999.

---

1. Any reference to "the defendant" throughout this opinion refers to Claude M. Meckes only.

Defendant filed a response to said motion on August 19, 1999 and an opposing brief on October 1, 1999. On October 4, 1999, oral argument was heard before this court.

On October 3, 1993, the plaintiffs and defendant were involved in an automobile collision. Allegedly, the motor vehicle being operated by plaintiff, Javier Nunez, was stopped in order to make a left-hand turn. The motor vehicle operated by the defendant drove into the rear of plaintiffs' vehicle. Defendant was charged with numerous violations of the Pennsylvania Motor Vehicle Code[2] and pled guilty to the charge of driving while intoxicated (75 Pa.C.S. §3731(a)(4)) on April 24, 1994.

Plaintiffs had served punitive damages interrogatories and document requests upon the defendant. Defendant objected to such discovery because no court order has been issued pursuant to Pa.R.C.P. 4003.7.[3] This motion to compel punitive damages discovery followed.

---

2. Defendant was charged with driving under the influence (75 Pa.C.S. §3731(a)(1) and (4)), careless driving (75 Pa.C.S. §3714) and driving at an unsafe speed (75 Pa.C.S. §3361). The charges relating to driving under the influence (75 Pa.C.S. §3731(a)(1) and (4)) were held over, and a criminal information was filed against defendant in the Court of Common Pleas of Monroe County.

3. Defendant also contends that plaintiffs' motion should be denied because plaintiffs have failed to establish a record to substantiate a claim for punitive damages or to allow the introduction of blood alcohol content at the trial. This argument is without merit. "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Pa.R.C.P. 4003.1(b). At this point in the proceedings, we are simply deciding whether certain information is discoverable. Whether defendant's blood alcohol content or other evidence of defendant's intoxication is admissible at trial is an issue to be decided at a later date.

According to Rule 4003.1, "a party may obtain discovery regarding any matter, not privileged, which is relevant[4] to the subject matter involved in the pending action . . . ." Pa.R.C.P. 4003.1(a). Thus, the first issue this court must decide is whether punitive damages may be awarded for injuries caused by intoxicated drivers.

Punitive damages are for "torts that are committed willfully, maliciously, or so carelessly as to indicate wanton disregard of the rights of the party injured." *G.J.D. by G.J.D. v. Johnson,* 552 Pa. 169, 713 A.2d 1127 (1998), quoting *Thompson v. Swank,* 317 Pa. 158, 159, 176 A.2d 211 (1934). The purpose of punitive damages is to deter and punish egregious behavior. *G.J.D.,* 552 Pa. 169, 713 A.2d 1127. Under Pennsylvania law, punitive damages may be awarded for injuries caused by an intoxicated driver.[5]

Here, the record reveals that the defendant was intoxicated at the time of the accident. Plaintiffs are entitled to bring a claim for punitive damages based on this fact. It logically follows that the plaintiffs are entitled to punitive damages discovery.

4. "Relevant evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Pa.R.E. 401.

5. In *Focht v. Rabada,* 217 Pa. Super. 35, 268 A.2d 157 (1970), the Pennsylvania Supreme Court held that evidence of driving while under the influence of intoxicating liquors may constitute a sufficient ground for allowing punitive damages under appropriate circumstances. In addition, a plaintiff is permitted to seek an award of punitive damages against the estate of a deceased tort-feasor who was intoxicated at the time of the motor vehicle accident when the conduct that is attempted to be deterred in others is driving while intoxicated. *Schwab v. Bates,* 12 D.&C.4th 162 (1991).

According to Rule 4003.7 of the Pennsylvania Rules of Civil Procedure, a party may obtain information concerning the wealth of a defendant in a punitive damages claim only upon order of court setting forth appropriate restrictions as to the time of the discovery, the scope of the discovery, and the dissemination of the material discovered. Pa.R.C.P. 4003.7.

Accordingly, we enter the following order:

## ORDER

And now, October 15, 1999, plaintiffs' motion to compel punitive damages discovery is granted with the following restrictions:

(1) Defendant has 30 days to answer the discovery.

(2) Defendant must provide full and complete responses to the plaintiffs' punitive damages interrogatories and document requests regarding financial worth.

(3) The information produced during such discovery is not to be disseminated to individuals or entities not directly involved with proceedings before this court.