## Dewitsky v. Pittston Lumber and Manufacturing Co.

C.P. of Monroe County, no. 5169 Civil 2006.

*John L. Dewitsky,* for plaintiffs.
*Timothy E. Foley,* for defendants.

ZULICK, *J.,* January 17, 2007—This matter is before the court on defendants Pittston Lumber and Manufacturing Co., Joseph N. Chairge Jr., and William E. Vinsko's preliminary objections to the complaint of Mark B. and Michelle B. Dewitsky. Defendants allege that the Dewitskys' claims for punitive damages are legally insufficient and so request a demurrer be entered as to punitive damages only under Pa.R.C.P. 1028(a)(4).

The case originally arose as a result of vehicles colliding on State Road 940 in Tobyhanna Township, Monroe County, on August 2, 2004. That morning, Mr. De-

witsky was driving westbound in the westbound lane when Mario Calovi, an employee of Pittston Lumber and Manufacturing Co., was driving eastbound in the opposing lane. The Dewitskys allege that Mr. Calovi was under the influence of cocaine at the time, to a degree which "impaired his ability to safely and properly operate a motor vehicle." Complaint, paragraph 18. Plaintiffs allege that this impairment led to his crossing into the westbound lane of travel and colliding head-on with the Dewitsky vehicle. Mr. Calovi died of his resulting injuries.

The Dewitskys filed suit for compensatory and punitive damages against Mr. Calovi's employer, Pittston Lumber; Mr. Chairge, whom they allege to have operated as Pittston Lumber; and Mr. Vinsko, as the representative of Mr. Calovi's estate. Defendants have filed a demurrer to the plaintiffs' request for punitive damages, alleging that a "simple negligence" claim does not support that relief. For the reasons enumerated below, their objection is denied.

## DISCUSSION

Under Pennsylvania law, a demurrer is a disfavored remedy except in circumstances where the absence of a legal remedy is certain:

"For the purpose of testing the legal sufficiency of the pleading, the demurrer admits all properly pleaded material facts, but not conclusions of law. . . . The court must be able to say with certainty that upon the facts averred, the law will not permit recovery; surmise and conjecture can play no part in the decision. . . . Any doubt should be resolved in favor of overruling a demurrer." *In re*

*Estate of Luongo,* 823 A.2d 942, 961 (Pa. Super. 2003). (citations omitted)

In evaluating defendants' motion for a demurrer, I derive the salient facts solely from the allegations in the complaint and "accept as true all material facts as set forth in the complaint, as well as all inferences reasonably deducible therefrom." *R. W. v. Manzek,* 585 Pa. 335, 339, 888 A.2d 740, 742 (2005), citing *Bilt-Rite Contractors Inc. v. The Architectural Studio,* 581 Pa. 454, 457, 866 A.2d 270, 272 (2005); and *Estate of Witthoeft v. Kiskaddon,* 557 Pa. 340, 343, 733 A.2d 623, 624 n.1 (1999).

Punitive damages are appropriate where a defendant's conduct is "outrageous" or "recklessly indifferent" towards a plaintiff's rights. *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984); *Martin v. Johns-Manville Corp.,* 508 Pa. 154, 494 A.2d 1088 (1985). With those principles in mind, I evaluate defendants' objection as it applies to the Dewitskys' claims against each of them in turn.

### William Vinsko as Representative of the Estate of Mario Calovi

Mr. Vinsko is the personal representative for the estate of Mario F. Calovi Jr. The complaint alleges that, at the time of the collision in question, Mr. Calovi was under the influence of cocaine and/or benzoylecgonine. Complaint at 16, 17. It is further alleged in the complaint that Mr. Calovi had used enough cocaine to impair his driving, causing him to enter the wrong lane and crash head-first into Mr. Dewitsky. *Id.* at 21, 22. Where a defendant was driving under the influence at the time of a collision to a degree which renders him incapable of safe driving,

his impairment is per se sufficient to permit a plaintiff to bring a claim for punitive damages. *Focht v. Rabada,* 217 Pa. Super. 35, 268 A.2d 157 (1970); *Nunez v. Meckes,* 43 D.&C.4th 557 (Monroe Cty. 1999) (Cheslock, J.). Mr. Dewitsky's allegations of outrageous conduct are itemized at complaint, para. 22(a)-(r).

Count Two of the complaint sets forth a claim for vicarious liability against Pittston Lumber and Manufacturing Co. Where an employee is liable for punitive damages, an employer is also vicariously liable under Pennsylvania law if the employee's tort occurred within the scope of his employment. *Lake Shore & Michigan Southern Ry. Co. v. Rosenzweig,* 113 Pa. 519, 6 A. 545 (1886); *Dean Witter Reynolds Inc. v. Genteel,* 346 Pa. Super. 336, 348, 499 A.2d 637, 643 (1985). Just as the allegations in the complaint were sufficient to support a claim for punitive damages against Mr. Calovi, they are sufficient to support such a claim against Pittston Lumber where it is alleged that the employee was acting within the scope of his employment at the time. In Count Three, negligence, the complaint alleges, inter alia, that Pittston Lumber (presumably through its agents) knew or should have known that Mr. Calovi was under the influence of drugs on the day of the collision. Complaint at 72(a)-(b), (i). If these allegations were proven at trial, a reasonable jury could find that allowing a driver to take a company vehicle out on the road while visibly high on cocaine demonstrates reckless indifference.

### Joseph Chairge

The complaint alleges in Count Four, vicarious liability, that Mr. Chairge "does business as Pittston Lumber."

*Id.* at 3. Consequently, he may be vicariously liable as Mr. Calovi's employer just as Pittston is. In Count Five, negligence, plaintiffs' complaint alleged the same facts about Mr. Chairge that it alleged about Pittston lumber: that he knew or should have known Mr. Calovi was under the influence of drugs on the day of the collision. Complaint at 118.

Plaintiffs have raised factual allegations which, if established at trial, would be sufficient to support recovery for punitive damages for outrageous or recklessly indifferent conduct against Pittston Lumber, Joseph N. Chairge, and William E. Vinsko Their objections are therefore denied.

### ORDER

And now, January 17, 2007, it is ordered that defendants' preliminary objections to plaintiffs' complaint are denied. Defendants are directed to file an answer to plaintiffs' complaint within 20 days.