### Burkes v. Buswell

---

C.P. of Lawrence County, no. 10870 of 2010, C.A.

*Charles W. Garbett,* for plaintiff.
*LeeAnn A. Fulena,* for defendant.

PICCIONE, *J.,* December 9, 2010—Before the court for consideration are preliminary objections filed on behalf of the defendant Fred Buswell IV (hereinafter, "defendant"), in response to the complaint of plaintiff Amy Burkes (hereinafter, "plaintiff"). After hearing argument on defendant's preliminary objections and

considering of the applicable case law, the court denies defendant's preliminary objections for the following reasons.

According to plaintiff's complaint, on the afternoon of June 12, 2008, the plaintiff was riding as a passenger on a 2008 Harley Davidson motorcycle operated by the defendant. The parties were traveling in a southerly direction on Neal Street in the City of New Castle when the defendant lost control of his motorcycle and crashed into a guardrail. Plaintiff alleges that the defendant was operating the motorcycle in a negligent, careless and reckless manner, and, therefore, the accident was a direct and proximate cause of the defendant's conduct. Plaintiff further alleges that defendant was under the influence of alcohol while operating the vehicle, thereby establishing willful and/or wanton misconduct and total disregard of the health, safety and welfare of the plaintiff. Plaintiff's complaint sets forth allegations that she sustained severe physical and mental injuries as a result of the accident taking place on June 12, 2008. Count 15 of the complaint requests punitive damages "based on defendant[] operating his motorcycle while under the influence of alcohol." On July 23, 2010, defendant filed preliminary objections claiming that plaintiff's complaint fails to state a claim which would support an award of punitive damages. Oral arguments were heard by this court on October 24, 2010.

When a court is presented with preliminary objections to a complaint, all material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true. *Hess v. Fox Rothchild, LLP*, 925 A.2d 798, 805 (Pa. Super. 2007); *Tucker v. Philadelphia*

*Daily News,* 757 A.2d 938, 941-42 (Pa. Super. 2000). The court must further determine, as a matter of law, whether, based on the facts averred in the complaint, the plaintiff may be entitled to recovery. *Wiernik v. PHH U.S. Mortg. Corp.*, 736 A.2d 616 (Pa. Super. 1999). Preliminary objections should only be sustained when the court determines with certainty that, upon the facts averred, the law will not permit the recovery sought by the plaintiff. *R.W. v. Manzek,* 585 Pa. 335, 351, 888 A.2d 740, 749 (Pa. 2005); *Bourke v. Kazara,* 746 A.2d 642, 643 (Pa. Super. 2000).

The only issue presented to this court for resolution is whether the allegations, as set forth in Plaintiff's complaint, allow the plaintiff to preserve a claim for punitive damages. As a general guide in this area, Pennsylvania recognizes the principles set forth in Section 908(2) of the Restatement (Second) of Torts:

> (2) Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant. See *Chambers v. Montgomery,* 411, 79, 339, 344, 192, A.2d 355, 358 (Pa. 1963).

Thus, under Pennsylvania law, "punitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others." *Id.* (quoting comment b to section 908[1] of the Restatement (Second) of Torts). See *Chambers v. Montgomery,* 411 Pa. 339, 344 192 A.2d

355, 358 (Pa. 1963).

In the case sub judice, the defendant argues that plaintiff's complaint fails to set forth specific allegations that support a finding that the defendant acted with the evil intent necessary to support an award of punitive damages. Defendant further argues that "[p]unitive damages are not available for misconduct which constitutes ordinary negligence such as inadvertence, mistake and errors of judgment" and cites *Martin v. John-Manville Corp.*, 508 Pa. 154, 170, 494 A.2d 1088, 1097 (Pa. 1985) (approved in relevant part by *SHV Coal, Inc. v. Continental Grain Co.*, 526 Pa. 489, 493-494, 587 A.2d 702, 704-705 (Pa. 1991)). However, in *SHV Coal. Inc.*, the Supreme Court went on to quote the restatement (second) of torts, comment *b* following section 908 as set forth above. The *SHV Coal, Inc.* court further cited the case of *Focht v. Rabada*, 268 A.2d 157 (Pa. Super. 1970), which was relied on by the Honorable President Judge Dominick Motto in the case of *Brueckner v. Stewart*, No. 10617 of 2006, C.A. (C.P. Lawrence December 20, 2006), as cited by the plaintiff in support of her legal argument that the complaint has sufficient factual averments to support a claim of punitive damages.

In *Brueckner*, the plaintiffs were involved in an automobile accident with the defendant. Plaintiffs sought to recover punitive damages based on the reckless indifference and total disregard displayed by the defendant when he operated his vehicle while under the influence of alcohol. Defendant filed preliminary objections to the plaintiffs' complaint, arguing that the complaint failed to sufficiently allege a claim for punitive damages. The trial court relied on the case of *Focht v. Rabada*, 268 A.2d 157

(Pa. Super. 1970) in determining that the plaintiffs' complaint sufficiently pled circumstances which would warrant a claim for punitive damages.

The *Focht* court determined that, in certain circumstances, driving under the influence of alcohol may be deemed "outrageous conduct" and a "reckless indifference" to the interest of others, allowing for the imposition of punitive damages. *Id.* at 40. The *Focht* court further determined that reckless indifference could be found where a defendant acted in such a manner that involved a high degree of chance that harm would result to another person in close proximity to the defendant. *Id.* at 39.

Like the *Brueckner* case and the *Focht* case, the case sub judice involves a defendant who operated a motor vehicle, specifically a motorcycle, while under the influence of alcohol. The risks assumed by a person who chooses to operate a motor vehicle under this type of condition may be so obvious and the chance of harm to another person so great that misconduct may be established without the plaintiff having to establish motive or intent. Focht, 268 A.2d at 41. Furthermore, the complaint states that the defendant was operating his motorcycle at 2:24 a.m. on what was described to be a "curved" road. The court can logically infer that the combination of the defendant's driving a motorcycle while intoxicated, on a curved road, so late at night and with a passenger on the motorcycle constituted "outrageous conduct" and a "reckless indifference." As such, defendant's preliminary objections are dismissed as set forth in the accompanying order of court.

## ORDER OF COURT

And now, December 9, 2010, this case having been

before the court on October 25, 2010 for oral argument on preliminary objections filed by the defendant, with the parties appearing through their counsel, the plaintiff, Amy Burkes being represented by Charles W. Garbett, Esquire, and the defendant being represented by LeeAnn A. Fulena, Esquire, and after a consideration of the arguments and briefs submitted by counsel and a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjuged and decreed as follows:

1.   Defendant's preliminary objections are hereby overruled pursuant to the attached opinion.

2.   The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.