J-A13006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ARTIS MITCHELL, AS THE ADMINISTRATOR OF THE ESTATE OF CAROLYN MITCHELL, DECEASED, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| HIGHLAND PARK CARE CENTER, LLC, OPERATING UNDER THE FICTITIOUS NAME HIGHLAND PARK CARE CENTER AND LUTHERAN SENIORLIFE, OPERATING UNDER THE FICTITIOUS NAME ST. JOHN SPECIALTY CARE CENTER, | |
| Appellee | No. 1057 WDA 2015 |

Appeal from the Judgment Entered August 11, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-12-000832

BEFORE:  OLSON, STABILE AND MUSMANNO, JJ.:

MEMORANDUM BY OLSON, J.:     **FILED AUGUST 24, 2016**

Appellant, Artis Mitchell, as the administrator of the estate of Carolyn Mitchell, deceased, appeals from the judgment entered on August 11, 2015. We affirm.

The trial court succinctly explained the relevant, underlying facts and procedural posture of this case:

> [Appellant] brought a survival action alleging that Highland Park Care Center [("HPCC")] failed to create and implement a proper treatment care plan for [Carolyn Mitchell ("Ms. Mitchell")], and failed to promptly notify a physician of a significant change in [Ms. Mitchell's] condition.

In 1992, [Ms.] Mitchell experienced cardiac arrest, resulting in a severe anoxic brain injury, which required her to need skilled nursing care on a full-time basis for the rest of her life. [Shorty thereafter, Ms. Mitchell became a resident of HPCC, which is a skilled nursing facility in Pittsburgh.] . . .

[Appellant] claims specifically that in the weeks leading up to February 15, 2010, [Ms.] Mitchell experienced repeated episodes of emesis, which is vomiting, that went unreported to her physician. [Appellant] further claims that said episodes of emesis led to substances entering the lungs of Ms. Mitchell causing her to suffer aspiration pneumonia. [Appellant] further alleges that said negligence resulted in a downward spiral in the health of Ms. Mitchell, eventually resulting in her death on February 7, 2011.

. . .

This matter was initiated by the filing of a praecipe for writ of summons on January 12, 2012. Said praecipe was followed by a complaint in civil action filed [on] September 17, 2012. . . .

Prior to trial, [Appellant] settled his claims with defendant Lutheran Seniorlife, operating under the fictitious name of St. John Specialty Care Center.

A trial commenced on March 18, 2015, lasting until March 25, 2015, at which time the jury empaneled returned a verdict for [HPCC] and against [Appellant], finding an absence of negligence on the part of [HPCC. The trial court denied Appellant's post-trial motion and judgment on the verdict was entered on August 11, 2015].

Trial Court Opinion, 10/1/15, at 1-3 (some internal capitalization omitted).

Appellant filed a timely notice of appeal and, on appeal, Appellant raises the following claims:

[1.] Did the trial court err in denying [Appellant's] motion for judgment notwithstanding the verdict ("JNOV") on the issue of negligence when the verdict was such that no two reasonable minds could disagree that the verdict should

have been rendered in favor of [Appellant]? Specifically, based upon the evidence that was offered at trial, along with the fact that the Commonwealth of Pennsylvania Department of Health (the "DOH") specifically found that [HPCC] failed to promptly notify a physician of a significant change, which ultimately caused Ms. Mitchell to suffer aspiration pneumonia, the jury's finding of "no negligence" is indeed such that it shocks one's "sense of justice," as the jury was charged on the issue of negligence per se. Further, the court committed an error by denying [Appellant's] motion for JNOV on the issue of negligence, despite the fact that [HPCC's] own experts admitted that [HPCC] violated applicable standards of care. The [trial] court committed an error by dismissing [Appellant's] claim for punitive damages at the close of [Appellant's] case, upon [HPCC's] motion for a directed verdict. [Appellant] preserved this issue in his motion for post-trial relief. Based upon the evidence adduced at trial, it is clear that the issue of punitive damages should have been one presented to the jury.

[2.] Did the trial court err in denying [Appellant's] motion for a new trial on the issue of negligence when the verdict was against the clear and substantial weight of the evidence, particularly in light of the fact that based on the evidence that was offered at trial, along with the fact that the DOH specifically found that [HPCC] failed to promptly notify a physician of a significant change, which ultimately caused Ms. Mitchell to suffer aspiration pneumonia, the jury's finding of "no negligence" is indeed such that it shocks one's "sense of justice," especially in light of the fact that the jury was charged on negligence per se. Further, the [trial] court committed an error by denying [Appellant's] motion for a new trial on the issue of negligence, despite the fact that [HPCC's] own experts admitted that [HPCC] violated applicable standards of care. The [trial] court committed an error by dismissing [Appellant's] claim for punitive damages at the close of [Appellant's] case, upon [HPCC's] motion for a directed verdict. [Appellant] preserved this issue in his motion for post-trial relief. Based upon the evidence adduced at trial, it is clear that the issue of punitive damages should have been one presented to the jury.

Appellant's Brief at 5-6 (some internal capitalization omitted).

We reviewed the briefs of the parties, the relevant law, the certified record, the notes of testimony, and the opinion of the able trial court judge, the Honorable Michael A. Della Vecchia. We conclude that there has been no error in this case and that Judge Della Vecchia's opinion, entered on October 1, 2015, meticulously and accurately disposes of Appellant's issues on appeal. Therefore, we affirm on the basis of Judge Della Vecchia's opinion and adopt it as our own. In any future filings with this or any other court addressing this ruling, the filing party shall attach a copy of the trial court opinion.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/24/2016

- 4 -

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

ARTIS MITCHELL, as Administrator
of the Estate of CAROLYN MITCHELL,
Deceased,

        Plaintiff,

    vs.

HIGHLAND PARK CARE CENTER,
LLC, operating under the fictitious name
HIGHLAND PARK CARE CENTER and
LUTHERAN SENIORLIFE operating under
the fictitious name ST. JOHN SPECIALTY
CAR ECENTER,

        Defendants.

No. GD 12-000832

# OPINION

Honorable Michael A. Della Vecchia
710 City-County Building
414 Grant Street
Pittsburgh, PA   15219

FILED

15 OCT -1 PM 3: 41

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

ARTIS MITCHELL, as the Administrator of
the Estate of CAROLYN MITCHELL,
Deceased,

GD 12-000832

1057 WDA 2015

Plaintiff,

vs.

HIGHLAND PARK CARE CENTER, LLC.
operating under the fictitious name
HIGHLAND PARK CARE CENTER,

Defendant.

## OPINION

Michael A. Della Vecchia, Judge

This matter comes before the Superior Court on the appeal of Artis Mitchell as

the Administrator of the Estate of Carolyn Mitchell, Deceased (hereinafter "Plaintiff")

from this Court's denial of Post-Trial Motions and the Judgment entered thereon.

## I. BACKROUND

The Plaintiff brought a survival action alleging that Highland Park Care Center

(hereinafter "Defendant") failed to create and implement a proper treatment care plan

for the Plaintiff, and failed to promptly notify a physician of a significant change in the

Plaintiff's condition.

1

In 1992, Carolyn Mitchell experienced cardiac arrest, resulting in a severe anoxic brain injury, which required her to need skilled nursing care on a full-time basis for the rest of her life. The Plaintiff claims specifically that in the weeks leading up to February 15, 2010, Carolyn Mitchell experienced repeated episodes of emesis, which is vomiting, that went unreported to her physician. The Plaintiff further claims that said episodes of emesis led to substances entering the lungs of Ms. Mitchell causing her to suffer aspiration pneumonia. The Plaintiff further alleges that said negligence resulted in a downward spiral in the health of Ms. Mitchell, eventually resulting in her death on February 7, 2011.

Following a jury trial in this matter, the jury empanelled returned a verdict in favor of the Defendant and against the Plaintiff, finding specifically that the Defendant was not negligent. The Plaintiff filed for Post-Trial Relief alleging that the jury's verdict was against the weight of the evidence. On June 24, 2015, after reviewing the Briefs and record and having heard argument on said Post-Trial Motions, this writer denied the Plaintiff's Motion for Post-Trial Relief, which included the Plaintiff's request for Judgment Notwithstanding the Verdict or a new trial.

## II. PROCEDURAL HISTORY

This matter was initiated by the filing of a Praecipe for Writ of Summons filed on January 12, 2012. Said Praecipe was followed by a Complaint in Civil Action filed September 17, 2012. Following multiple sets of Preliminary Objections, Motions to Compel and rulings in response thereto, this matter was scheduled for trial.

Prior to trial, the Plaintiff settled his claims with defendant Lutheran Seniorlife, operating under the fictitious name of St. John Specialty Care Center.

A trial commenced on March 18, 2015, lasting until March 25, 2015, at which time the jury empanelled returned a verdict for the Defendant and against the Plaintiff, finding an absence of negligence on the part of the Defendant. After argument, this Court entered an Order dated June 24, 2015, denying Plaintiff's Motion for Post-Trial Relief.

On July 9, 2015, the Plaintiff filed a Notice of Appeal to the Superior Court of Pennsylvania. As a result, the Plaintiff was directed by Order dated July 15, 2015, to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.C.P. 1925(b). The Plaintiff timely filed his Matters Complained of on appeal on July 30, 2015. This writer authors the following opinion in response thereto.

### III. ISSUES RAISED ON APPEAL

The Defendant raises the following claims of err:

> 1. The Court committed an error by denying Plaintiff's Motion for Judgment Notwithstanding the Verdict (JNOV) on the issue of negligence when the verdict was such that two reasonable minds could disagree that the verdict should have been rendered in favor of the Plaintiff. Specifically, based upon the evidence that was offered at trial, along with the fact that the Commonwealth of Pennsylvania Department of Health (the "DOH") specifically found that Highland Park failed to promptly notify a physician of a significant change, which ultimately caused Ms. Mitchell to suffer aspiration pneumonia, the jury's finding of "no negligence" is indeed such that shocks one's "sense of justice" as the jury was charged on the issue of negligence per se. Further, the Court committed an error by denying Plaintiff's Motion for JNOV on the issue of negligence despite the fact that Defendant Highland Park Care Center's own experts admitted that Highland Park Care Center violated applicable standards of care. The Court committed an error by dismissing Plaintiff's claim for

3

punitive damages at the close of Plaintiff's case, upon the Defendant's Motion for Post-Trial Relief. Based upon the evidence adduced at trial, it is clear that the issue of punitive damages should have been one presented to the jury.

2. The Court committed an error by denying Plaintiff's Motion for a New Trail on the issue of negligence when the verdict was against the clear and substantial weight of the evidence, particularly in light of the fact that based on the evidence that was offered at trial, along with the fact that the DOH specifically found that Highland Park failed to promptly notify a physician of a significant change, which ultimately caused Ms. Mitchell to suffer aspiration pneumonia, the jury's finding of "no negligence" is indeed such that shocks one's "sense of justice", especially in the light of the fact that the jury was charged on negligence per se, Further, the Court committed an error by denying Plaintiff's Motion for a New Trial on the issue of negligence despite the fact that Defendant Highland Park's own experts admitted that Highland Park violated applicable standards of care. The Court committed an error by dismissing Plaintiff's claim for punitive damages at the close of Plaintiff's case, upon the Defendant's Motion for Directed Verdict. Plaintiff preserved this issue in his Motion for Post-Trial Relief. Based upon the evidence adduced at trial, it is clear that the issue of punitive damages should have been one presented to the jury.

## IV. DISCUSSION

The Plaintiff asserts that the jury's finding of 'no negligence' on the part of the Defendant to be against the weight of the evidence, such that the verdict would have "shocked one's sense of justice," however, this writer was not the least bit surprised by said Verdict.

The Superior Court has clearly established the Plaintiff's burden in making said claim:

the standard of review for an order granting or denying judgment notwithstanding the verdict is whether there was sufficient competent evidence to sustain the verdict. We must view the evidence in the light most favorable to the verdict winner and give him or her the benefit of every reasonable inference arising therefrom while rejecting all unfavorable testimony and inferences. Furthermore, judgment nov should

4

be entered only in a clear case, where the evidence is such that no reasonable minds could disagree that the moving party is entitled to relief. Review of the denial of judgment nov has two parts, one factual and one legal:

Concerning any questions of law, our scope of review is plenary. Concerning questions of credibility and weight accorded evidence at trial, we will not substitute our judgment for that of the finder of fact.

Underwood ex rel. Underwood v. Wind, 954 A.2d 1199, 1206 (Pa.Super. 2008), *citing* Northeast Fence & Iron Works v. Murphy Quigley Co., Inc., 933 A.2d 664, 668 (Pa.Super. 2007).

The Plaintiff believes he provided the jury with a 'smoking gun' pointing to a finding by the Commonwealth of Pennsylvania Department of Health ("DOH") specifically holding that Highland Park failed to promptly notify a physician of a significant change, which ultimately caused Ms. Mitchell to suffer aspiration pneumonia. The Plaintiff requested and the trial court incorporated Plaintiff's proposed charge of *negligence per se* into the court's instructions to the jury. The jury obviously rejected Plaintiff's argument as to this point.

This writer accepts that the jury was not convinced by the Plaintiff's argument as to causation, specifically, the fact that both the Plaintiff and the Defendant's experts opined that Ms. Mitchell's aspiration pneumonia developed from events in the hospital, or immediately prior to her admission, not from any negligence noted in the DOH report. The DOH finding concerns failures following events reported January 24, 2010, February 3, 2010, and February 8, 2010.

The defense expert, Dr. Adam Sohnen stated that, "there was absolutely no relationship between any of the emesis events, at least until the most recently documented one on the (February) 11[th] and her pneumonia" (Trial Transcript ("Tr.") at 574). Dr. Sohnen explained convincingly to the jury that the initial chest x-rays

5

examined following the events of emesis failed to show any signs of pneumonia and were in fact "clear", "if she had pneumonia that was brewing or developing over those several days, you would have seen a very abnormal appearing chest x-ray" (*See*, Tr. at 574).

It was consistently the Plaintiff's position that the emesis was caused by the negligence in the defendant's choice to feed and medicate Ms. Mitchell through a G-port rather than a J-port. When specifically asked whether a change in ports would have alleviated Ms. Mitchell's instances of vomiting, Dr. Sohnen answer was "no, absolutely not" (Tr. at 578).

The Plaintiff's expert, Dr. Bruce Kinosian opined that "I'm pretty sure that she aspirated on the (February) 13[th], which is when she developed the wheezing. Whether that developed into something or whether she had new events, I don't know. My guess is that she probably had a new event" (Tr. at 244).

The Plaintiff's own expert failed to advance the theory proffered by the Plaintiff, that being; that the DOH finding that Highland Park failed to promptly notify a physician of Ms. Mitchell's change of condition caused the aspiration pneumonia, leading, if not contributing to her eventual death. Further, the DOH itself later made a finding of "no harm" with regard to its earlier report of the deficiency at Highland Park Care Center concerning the lack of notification.

Ms. Mitchell enjoyed additional care provided by private duty nurses. These private duty nurses were not affiliated or employed by Highland Park Care Center. The jury could have plausibly concluded that negligence on the part of said private care nurses was not attributable to Highland Park Care Center.

6

The Plaintiff raises additional error with this Court's decision to deny a request made by the Plaintiff for a charge on punitive damages. As the Superior Court is well aware, "punitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others. Thus, the Pennsylvania rule allows the awarding of punitive damages when the act is done with reckless indifference as well as with bad motive (Focht v. Rabada, 268 A.2d 157, 159 (Pa. Super. 1970), citing, Chambers v. Montgomery, 192 A.2d 355 (Pa. 1963)).

This writer finds this case completely devoid of bad motive or reckless indifference. Only 'false charting' assertions made by the Plaintiff could possibly be construed as a basis for punitive damages. Presumably, the jury found that any discrepancies were merely mistakes or inaccuracies within the medical charting. In light of the fact that the jury found that the Defendant was not negligent, any charge on punitive damages was not warranted.

## IV. CONCLUSION

This Court found the jury's Verdict in the above captioned case to be in accord with the evidence presented at trial. For the aforesaid reasons, this writer respectfully requests the Superior Court of Pennsylvania to affirm this Court's Order dated June 24, 2015, and the judgment entered on the Verdict rendered.

BY THE COURT:

DATE: Sept. 30, 2015

Michael A. Della Vecchia, Judge

7