**Minkus v. Sethman**

C.P. of Allegheny County, nos. AR04-005528 and AR04-006268 (consolidated).

*Mark A. Smith,* for Minkus.
*Tina Ann Aracri,* for defendants Sethman.
*John K. Bryan* and *Gary J. Matta,* for Ecsedy.

WETTICK JR., *A.J.,* March 21, 2005—The subject of this opinion and order of court is the preliminary objection of Anthony Sethman seeking dismissal of plaintiff's punitive damage claim. The issue that I address is whether boilerplate negligence allegations

coupled with an allegation that the defendant was driving under the influence of alcohol supports a claim for punitive damages.[1]

In his second amended complaint, Timothy Minkus (plaintiff) alleges that he was a passenger in an automobile driven by Sethman.[2] He was injured as a result of a collision between the Sethman vehicle and a vehicle driven by Brenda Ecsedy. In Count I of his complaint, plaintiff alleges that the accident occurred because of Sethman's negligence in failing to bring his vehicle to a stop at the intersection at which the accident occurred. In Count II, plaintiff alleges that the accident occurred because of Ms. Ecsedy's negligence in failing to bring her vehicle to a stop at this intersection.

Plaintiff's complaint alleges that Sethman was driving under the influence of alcohol. He seeks punitive damages based on this allegation.

Defendant, in seeking dismissal of plaintiff's punitive damage claim, relies on case law holding that allegations that a defendant drove a vehicle in a wanton and reckless manner by operating the vehicle at a high and excessive rate of speed, by failing to have the vehicle under proper and adequate control, and by violating various traffic laws do not support a punitive damage claim.

---

1. In this opinion, I am not addressing whether, or under what circumstances, a punitive damage claim based on driving under the influence of alcohol may be dismissed at the summary judgment stage of the proceedings.

2. By stipulation of counsel filed December 13, 2004, the defendant consented to the filing of the second amended complaint which named Anthony Sethman instead of Allen W. Sethman as one of the defendants.

See *e.g., Smith v. Brown,* 283 Pa. Super. 116, 423 A.2d 743 (1980).

Plaintiff, on the other hand, contends that the negligent operation of a vehicle coupled with a showing that defendant was driving under the influence of alcohol is sufficient to permit a jury to award punitive damages. According to plaintiff, a jury may find that the operation of a vehicle while under the influence of alcohol constitutes a sufficient reckless indifference to the safety of others to allow the imposition of punitive damages because the potential for harm and serious injury is inherent in driving under the influence of alcohol.

*Focht v. Rabada,* 217 Pa. Super. 35, 268 A.2d 157 (1970), appears to be the only appellate court case law that has addressed the issue of the imposition of punitive damages on a driver who was operating the vehicle under the influence of alcohol.

In that case, the defendant admitted liability. The trial court ruled that evidence of intoxication would not be admitted for the purposes of determining the amount of damages to be awarded because this evidence could not support an award for punitive damages. The Superior Court reversed. The Superior Court ruled:

"In certain factual circumstances the risk to others by the drunken driver may be so obvious and the probability that harm will follow so great that outrageous misconduct may be established without reference to motive or intent. We conclude, therefore, that, under the appropriate circumstances, evidence of driving while under the influence of intoxicating liquors may constitute a

sufficient ground for allowing punitive damages." *Id.* at 41-42, 268 A.2d at 161. (footnote omitted)

Since the lower court had never ruled on the offers of proof, the Superior Court remanded the case stating that on retrial "it will be the obligation of the judge to determine preliminarily whether the offers of proof warrant the submission of the question of punitive damages to the jury." *Id.* at 42, 268 A.2d at 161.

Opinions of common pleas courts rendered in the last 15 years have consistently held that a complaint alleging that the defendant negligently operated the vehicle while driving under the influence of alcohol may support a punitive damage claim.

In *Kuehn v. Morgan,* 62 D.&C.4th 509 (Lehigh Cty. 2002), the plaintiff's truck was struck from behind by a vehicle operated by the defendant. The defendant's counsel conceded that the defendant's negligence caused the accident. Through a motion in limine, the defendant sought a ruling that evidence that he was driving under the influence of alcohol was inadmissible as irrelevant. The plaintiff, on the other hand, contended that evidence of intoxication was admissible to support a punitive damage claim. The court, citing *Focht,* denied the motion in limine. The court stated the defendant was correct in asserting that, in weighing the admissibility of intoxication on the question of punitive damages, one has to look at both surrounding circumstances and the nature of the harm that occurred. However, it ruled that this evaluation is more appropriately performed at the time of trial.

In *Rossi v. Fuchs,* 59 D.&C.4th 307 (Butler Cty. 2002), the plaintiff's complaint alleged that the defendant

crossed the center line, hitting her vehicle and the vehicle of her husband who was fatally injured in the accident. The complaint included a claim for punitive damages based on allegations that the defendant had a blood alcohol content in excess of the legal limit. Through preliminary objections, the defendant sought dismissal of the punitive damage claim on the ground that the facts in the complaint did not support such a claim.

The court, citing *Focht,* stated that driving while under the influence of intoxicating liquor may under certain circumstances be deemed outrageous conduct and a reckless indifference to the interests of others. Thus, it overruled the preliminary objections on the ground that at this stage of the proceedings the plaintiff had pled facts which sufficiently set forth a claim for punitive damages.

In *Nunez v. Meckes,* 43 D.&C.4th 557 (Monroe Cty. 1999), the court compelled the defendant to respond to punitive damages discovery, stating that the plaintiffs are entitled to bring a claim for punitive damages based on allegations that the defendant driver was intoxicated at the time of the accident.

In *McIntire v. Szczyrbak,* 39 D.&C.4th 190 (Greene Cty. 1998), the court overruled the defendant's preliminary objections seeking dismissal of a punitive damage claim because of allegations within the complaint that the defendant was driving while intoxicated. The court stated that the case was analogous to *Focht.*

In *Shetler v. Zeger,* 4 D.&C.4th 564 (Franklin Cty. 1989), the plaintiff was injured in an automobile accident at an intersection. The plaintiff's complaint included

allegations that the defendant had failed to yield the right-of-way in violation of the Motor Vehicle Code, and that he was operating the vehicle with an alcohol content of greater than .10 percent in violation of another provision of the Motor Vehicle Code. The court dismissed the defendant's pleading seeking dismissal of the punitive damage claim, stating that punitive damages may be awarded upon a showing that a defendant violated a section of the Motor Vehicle Code governing the operation of a vehicle, while having a blood alcohol content in excess of .10 percent.

In *Long v. Ohler,* 1 D.&C.4th 402 (Adams Cty. 1988), the plaintiffs' complaint alleged that the accident occurred when the defendant's vehicle, traveling in the opposite direction, swerved in front of plaintiffs' vehicle and caused a head-on collision on the wrong side of the highway. The plaintiffs sought punitive damages based on an allegation that the defendant was operating the vehicle while severely intoxicated. The court overruled the defendant's preliminary objections seeking to strike the punitive damage claim, stating that the averments in the pleadings were sufficient to cause the case to proceed to trial on the issue of punitive damages.

For these reasons, I enter the following order of court:

## ORDER

On March 21, 2005, it is ordered that the preliminary objections of defendant Anthony Sethman seeking dismissal of the punitive damage claim are overruled.