## Jenkins v. Krivosh

*Phillip L. Clark*, for plaintiffs.

*Daniel L. Rivetti* and *Jennifer L. Miller*, for defendants John Krivosh and Mary Frances Venn.

FIKE, *S.J.*, May 6, 2013—Before the court for disposition are preliminary objections filed on behalf of the defendants, John R. Krivosh and Mary Frances Venn (collectively referred to as "defendants"). After considering the applicable case law, in addition to the briefs filed on behalf of the respective parties, defendant's preliminary objections are denied for the following reasons.

According to plaintiffs' complaint, on December 31, 2011, plaintiff, Elvin W. Jenkins, II, (hereinafter, "Jenkins"

or "plaintiff") was driving east bound on Wampum Avenue in Ellwood City, Pennsylvania. The defendant, John R. Krivosh (hereinafter, "Krivosh") was driving west bound on Wampum Avenue in a Ford truck owned by defendant, Mary Frances Venn (hereinafter, "Venn"). As Krivosh operated Venn's vehicle, the truck crossed into the opposing lane of traffic and struck Jenkins's vehicle. Jenkins suffered serious injuries, including but not limited to: a fractured femur and ulna; closed head injury; internal bleeding; and multiple contusions. Jenkins required several surgeries following the December 31, 2011 accident, and he avers that many of his injuries will result in permanent impairment.

Jenkins alleges that Krivosh was operating the Ford truck in a negligent, careless and reckless manner, and, therefore, the accident was a direct and proximate cause of Krivosh's conduct. Jenkins further alleges that Krivosh was under the influence of alcohol while operating the vehicle, thereby establishing willful and/or wanton misconduct and total disregard of the health, safety and welfare of the plaintiff. Count II of the complaint requests punitive damages based on Jenkins' assertion that Krivosh was operating Venn's vehicle while under the influence of alcohol. Plaintiff, Mary Anna Jenkins (hereinafter, "Mrs. Jenkins") joins in the complaint and asserts claims against defendants for loss of consortium.

On November 20, 2012, defendants filed preliminary objections claiming that plaintiffs' complaint fails to state a claim which would support an award of punitive damages. Defendants' objections also include a motion to strike any reference to alcohol, blood alcohol content and the consumption of alcohol pursuant to Rule 1028(a)(2)

of the Pennsylvania Rules of Civil Procedure. Argument on defendants' preliminary objections was held on March 25, 2013, and the matter is now ripe for a determination.

When a court is presented with preliminary objections to a complaint, all material facts averred in the complaint, as well as all reasonable inferences deducible there from, must be accepted as true. *Hess v. Fox Rothchild, LLP*, 925 A.2d 798, 805 (Pa. Super. 2007); *Tucker v. Philadelphia Daily News*, 757 A.2d 938, 941-42 (Pa. Super. 2000). The court must further determine, as a matter of law, whether, based on the facts averred in the complaint, the plaintiff may be entitled to recovery. *Wiernik v. PHH U.S. Mortg. Corp.*, 736 A.2d 616 (Pa. Super. 1999). Preliminary objections should only be sustained when the court determines with certainty that, upon the facts averred, the law will not permit the recovery sought by the plaintiff. *R.W. v. Manzek*, 888 A.2d 740, 749 (Pa. 2005); *Bourke v. Kazara*, 746 A.2d 642, 643 (Pa. Super. 2000).

Defendant's first and second preliminary objections challenge plaintiffs' claim for punitive damages. Defendant first contends that plaintiffs improperly requested punitive damages in an independent count of the complaint. Defendants also assert that the complaint fails to plead sufficient allegations to establish a claim for punitive damages. This court will first address defendants' contention that the allegations in the complaint are insufficient to preserve a claim for punitive damages. As a general guide in this area, Pennsylvania recognizes the principles set forth in Section 908(2) of the Restatement (Second) of Torts:

(2) Punitive damages may be awarded for conduct that

is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant.

*See Chambers v. Montgomery*, 192 A.2d 355, 358 (Pa. 1963). Thus, under Pennsylvania law, "punitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others." *Id.* (quoting comment *b* to Section 908[1] of the Restatement Second of Torts).

In the case *sub judice*, the defendants argue that plaintiffs' complaint fails to set forth specific allegations to support a finding that Krivosh's actions could be characterized as egregious, evil or reckless to support an award of punitive damages. Defendants further argue that punitive damages are not available for misconduct which constitutes ordinary negligence such as inadvertence, mistake and errors of judgment. Defendants cite *Slappo v. J's Dev. Assoc. Inc.*, 791 A.2d 409, 417 (Pa. Super. 2002); *Hutchinson v. Luddy*, 870 A.2d 766, 770; and *Focht v. Rabada*, 268 A.2d 157 (Pa. Super. 1970) in support of their argument.

In *Focht v. Rababda*, the plaintiff was standing in front of his automobile when a motor vehicle operated by the defendant struck plaintiff's vehicle from behind. 268 A.2d at 158. Plaintiff was injured after the impact flung him a distance of thirty feet. *Id.* At trial, the court of common pleas entered judgment for plaintiff for compensatory

damages, but denied plaintiff's request for punitive damages. The Superior Court of Pennsylvania reviewed the case to determine whether punitive damages may be imposed against a defendant who operates a motor vehicle while intoxicated. *Id.*

The *Focht* court determined that, in certain circumstances, driving under the influence of alcohol may be deemed 'outrageous conduct' and a 'reckless indifference' to the interest of others sufficient to allow for the imposition of punitive damages. *Id.* at 160. The *Focht* court further determined that reckless indifference could be found where a defendant acted in such a manner that involved a high degree of chance that harm would result to another person in close proximity to the defendant. *Id.*

The *Focht* court's holding, as set forth above, was also relied on by the Lawrence County court of common pleas President Judge Dominick Motto in the case of *Brueckner v. Stewart*, No. 10617 of 2006, C.A. (C.P. LawrenceCo. December 20, 2006) as cited by the plaintiff in support of his legal argument that the complaint has sufficient factual averments to support a claim of punitive damages.

In *Brueckner*, the plaintiffs were involved in an automobile accident with the defendant. Plaintiffs sought to recover punitive damages based on the reckless indifference and total disregard displayed by the defendant when he operated his vehicle while under the influence of alcohol. Defendant filed preliminary objections to plaintiffs' complaint, arguing that the complaint failed to sufficiently allege a claim for punitive damages. The trial court relied on the case of *Focht v. Rabada*, 268 A.2d 157 (Pa. Super. 1970) in determining the plaintiff's complaint

sufficiently pled circumstances which would warrant a claim for punitive damages.

Like the *Brueckner* case and the *Focht* case, the case *sub judice* involves a defendant who allegedly operated a motor vehicle while under the influence of alcohol. The risks assumed by a person who chooses to operate a motor vehicle under this type of condition may be so obvious and the chance of harm to another person so great that misconduct may be established without proof of specific motive or intent. *Focht*, 268 A.2d at 160-61. Furthermore, the complaint states that Krivosh crossed into the opposite lane of traffic and struck Jenkins' vehicle "head on". The averments of driving a motor vehicle while intoxicated, and crossing into the opposing lane of traffic, together with the other allegations of traffic law violations, are sufficient to support a claim of the required 'outrageous conduct' and a 'reckless indifference', and to overcome preliminary objections. *See also*, collection of cases summarized in *Minkus v. Sethman*, 72 Pa. D. & C.4th 177 (C.P. Allegheny Co. 2005). As such, defendants' second preliminary objection is overruled.

Defendants' first preliminary objection takes issue with the manner in which plaintiffs assert their claim for punitive damages and cites the case of *Nix v. Temple University of the Commonwealth System of Higher Education*, 596 A.2d 1132 (Pa. Super. 1991) in support of their argument. In *Nix*, the plaintiff filed a civil action against his former employer for breach of contract, wrongful discharge, interference with a contract and civil conspiracy. Plaintiff additionally set forth a separate count requesting punitive damages. 596 A.2d 1132, 1133-34. Defendants filed preliminary objections in the nature of a demurrer to all counts of the

complaint. *Id.* The court granted defendants' preliminary objections and dismissed plaintiff's remaining count for punitive damages. *Id.* On appeal, the Superior Court of Pennsylvania upheld the trial court's determination with respect to plaintiff's punitive damages claim, holding that a "request for punitive damages does not constitute a cause of action in an[d] of itself. Rather, a request for punitive damages is merely incidental to a cause of action." *Id.* at 1138. (*citing Feingold v. SEPTA*, 517 A.2d 1270 (Pa. 1986)).

Plaintiffs argue that defendants' interpretation of the *Nix* court's holding is misguided because in that case, there were no remaining counts to plaintiff's complaint following the trial court's disposition of defendants' preliminary objections. Plaintiffs contend that unlike the *Nix* case, in the instant case, regardless of the court's disposition of defendants' preliminary objections, there are substantive counts to plaintiffs' complaint, which support plaintiffs' request for punitive damages.

After a careful review of the *Nix* case and the ancestry of case law that preceded it, *See Feingold v. Southeastern Pennsylvania Transportation Authority*, 517 A.2d 1270; 1276 (Pa. 1986); *Hilbert v. Roth*, 149 A.2d 648, 652 (Pa. 1959), this court determines that a strict application of the *Nix* holding must be applied in the case *sub judice*. For this reason, defendants' first preliminary objection is sustained.

Lastly, defendants object to the complaint's reference to alcohol or the consumption of alcohol. Defendants argue that any reference to alcohol or the consumption of alcohol is scandalous or impertinent material in violation

of Pa.R.C.P. 1028(a)(2). Defendants suggest that because evidence of blood alcohol content is independently insufficient to establish intoxication, subparagraphs 16(A) and 16(O) and paragraphs 25 and 28 should be stricken from the complaint.

After a thorough review of the complaint, this court determines that while evidence of an individual's blood alcohol content is not alone sufficient to show that Krivosh was intoxicated at the time of the accident on December 31, 2011, it is relevant information to plaintiffs' case. *See Ackerman v. Delcomico*, 486 A.2d 410, 414 (holding that evidence of blood alcohol content in civil cases is admissible where visible intoxication or recklessness or carelessness of a driver is sought to be proved) (citing *Couts v. Ghion*, 421 A.2d 1184 (Pa. Super. 1980)). Defendants' third preliminary objection is therefore overruled.

At this stage of the case, the court decides only whether the complaint withstands preliminary objection. Ultimate decision on evidence, admissibility and whether or not plaintiffs are able to succeed on their claims must await further development of the record.

Consistent with this opinion, the court will enter the following order of court:

## ORDER OF COURT

And now, this 6th day of May, 2013, with this matter being before the court for argument on preliminary objections filed on behalf of defendants, John R. Krivosh and Mary Frances Venn, with Phillip L. Clark, Jr., Esquire, appearing and representing the plaintiffs, Elvin W. Jenkins, II, and Mary Anna Jenkins, and with

Daniel L. Rivetti, Esquire, appearing and representing the defendants, John R. Krivosh and Mary Frances Venn, and after having considered the arguments made by counsel as well as their respective briefs, it is hereby ordered and decreed as follows:

1. Defendants' first and third preliminary objections are overruled, pursuant to the attached opinion.

2. Defendants' second preliminary objection is sustained.

3. Plaintiffs shall have twenty days to file an amended complaint.

4. The prothonotary is directed to serve a copy of the this order and opinion upon counsel of record and any party not represented by counsel at their last known address as contained in the court's file.